[Parsons v. Joseph.]

# Parsons *v.* Joseph.

*Bill in Equity by Stockholders in Corporation, for Cancellation of alleged Fictitious Stock.*

1. *Fictitious or fraudulent issue of stock; who may assail.*—Under the rules of equity practice adopted by the Supreme Court of the United States (Rule No. 94, 104 U. S. Rep. IX), a stockholder in a corporation, assailing an issue of stock to another on the ground that it was fictitious or fraudulent, is required to allege that he was a stockholder at the time of the transaction of which he complains, or that his shares have since devolved on him by operation of law; but this is not a general principle of law, and this court has never adopted it as a rule.

2. *Same; estoppel against transferror or transferree.*—A stockholder in a corporation, participating in a fictitious issue of stock, or other fraudulent act or contract, is estopped from afterwards assailing its validity, especially when a benefit resulted to him or the corporation; but the estoppel is not binding on a transferree of the stock, unless he acquired it with knowledge or notice of the facts constituting the fraud.

3. *Payment for stock in property.*—When property is received, at a fair valuation, in payment for stock subscribed in a corporation, the transaction is neither fraudulent, nor violative of constitutional and statutory provisions; otherwise, if the property is knowingly taken at an excessive valuation.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 19th day of July, 1890, by Henry Joseph, as a stockholder in the Birmingham, Powderly & Bessemer Street Railroad Company, against the said corporation and J. H. Parsons; and sought the cancellation of certain certificates of stock issued by the corporation to said Parsons, on the ground that the stock was fictitious and fraudulent. There was a demurrer to the bill, and a motion to dissolve the injunction, each of which was overruled; and this appeal is sued out by the defendants from that interlocutory decree.

LEA & GREENE, for appellants, cited *Alexander v. Sercy*, 12 Am. St. Rep. 347; *Holmes v. Oakland*, 104 U. S. 459; s. c., 28 Lawyers' Co-op. Ed. of U. S. Rep. p. 852 (b); Cook on Stocks and Stockholders, §§ 39, 40, 646, and 690.

WHITE & HOWZE, *contra.*—Stock can not be lawfully issued

for land worth greatly less than the par value of the stock·
*Douglass v. Ireland*, 73 N. Y. 100; *Boynton v. Andrews*,
63 N. Y. 93. The objection that the bill does not aver that
complainant was a stockholder when the stock he seeks to
cancel was issued, is not well taken.—1 Morawetz on Priv.
Corp., §§ 260–270; Cook on Stocks and Stockholders, § 735;
Wait on Insolvent Corp., 628.

COLEMAN, J.—The purpose of the bill is to have certain
certificates of stock issued by the Birmingham, Powderly &
Bessemer Street Railroad Co. to defendant Parsons, cancelled,
on the ground that the stock is fictitious, and was issued in
violation of the Constitution and statute law of the State.
The bill prayed an injunction, and the writ was awarded by
the chancellor. A demurrer was interposed, and also an
answer by the defendant Parsons. The cause was submitted
for decree on the demurrer, and upon motion to dissolve the
injunction. The court overruled the demurrer, and denied
the motion to dissolve the injunction, and from this interlocu-
tory decree the appeal is taken.

Among other averments, the bill substantially alleges that
plaintiff is a *bona fide* stockholder in said company; that
shortly after the organization of the company, the defendant
subscribed for one hundred and seven shares of the capital
stock of the company, of the par value of fifty dollars each,
and paid for the same in full by conveying to the company
thirty-nine acres of land (describing the land) at an agreed
price and valuation of one hundred and thirty-seven dollars
per acre, when the land was not worth more than twenty-five
dollars per acre, and for this land Parsons was to receive one
hundred and seven shares of the stock; that shortly there-
after, the capital stock of the company was doubled, and with-
out further consideration than the thirty-nine acres of land,
Parsons' stock was doubled, and he received two hundred and
fourteen shares of the capital stock. The bill, as amended,
charges the excessive valuation of the land was made know-
ingly, wilfully, and with the fraudulent intent of having issued
to Parsons the fictitious stock, in violation of law. This is a
sufficient statement of the facts for the consideration of the
demurrer.

The demurrer admits the truth of the averments. It is
contended, that the bill is defective in not averring that plain-
tiff was a stockholder at the time of the transaction, com-
plained of as being fraudulent, or that his stock devolved upon
him by operation of law.

In the case of *Dimpfell v. Ohio & Miss. R. R. Co.*, 110

[Parsons v. Joseph.]

U. S. p. 209, relied upon by appellant, it was held, that a stockholder, contesting as *ultra vires* an act of the directors, should aver "that he was a stockholder at the time of the transaction of which he complains, or that his shares have devolved on him since by operation of law." To the same effect was *Hawes v. Oakland*, 104 U. S. 450; and many others might be cited. Upon an examination of these authorities, it will be seen that the principle asserted rests solely upon equity Rule No. 94 adopted by the United States Supreme Court, and which may be found in the preface to vol. 104 of U. S. Reports. Morawetz on Private Corporations, speaking of this rule, says, it was evidently designed as a rule of practice merely, and was deemed necessary to guard courts from being imposed upon by collusion of parties.—Morawetz on Priv. Corp., §§ 269, 270. The rule is not a general principle of law, applicable to pleadings in all the courts, and has never been applied to the courts of this State. The demurrer to the bill for failing to make this averment was properly overruled.

The motion to dissolve the injunction was heard upon the sworn bill and answer. The answer denied that plaintiff was a *bona fide* stockholder, and set up that plaintiff was the transferee of one E. Lesser. The answer admits that defendant's stock was doubled without the payment of any additional consideration than that of the land; but by way of explanation and defense, avers that the lands were not truly and properly valued at first, and the increased valuation of the lands only raised them to their real and true value, and the additional issue of stock was for property at its fair valuation. The answer continues, however, as follows : that if said transaction had been illegal and fraudulent, and not done in good faith, complainant is estopped from setting up fraud in said transaction, or seeking to cancel said stock, because E. Lesser, who was complainant's transferrer, participated in all of said transactions and himself fixed the value of said lands, with full knowledge of and after full investigation of the value of said land.

A transferee of stock is not necessarily disqualified as a suitor in all cases, because the prior holders were personally disqualified. If the transferee purchased the shares in good faith, and without notice of the fact that the prior holder had precluded himself from suing, he would have as just a title to relief, as if he had purchased from a shareholder who was under no disability; but, if the purchaser was aware that the prior holder had barred his right to relief, neither justice nor public policy would require that the transferee, under these circumstances, should be accorded any greater rights than his transferrer.—M. rawetz, *supra*, § 267.

[Parsons v. Joseph.]

The same rule prevails in this State in favor of derivative purchasers. A claimant who was a *bona fide* purchaser, without notice of a fraud, or of facts which the law considers sufficient to establish it, or from which it is inferable, then he could not be affected by notice to his vendor.—*Horton v. Smith*, 8 Ala. 78; *Fenno v. Sayre*, 3 Ala. 458; *Weer v. Davis*, 4 Ala. 442; *Martinez v. Lindsey*, 91 Ala. 334; Wait on Insol. Cor ᵇ ᵗ°, 630.

If a ᵗ ᵒᶜ holder participates in a wrongful or fraudulent contract, ᵗˡ⁹ⁿtly acquiesces until the contract becomes executed, he ᵗ then come into a court of equity, to cancel the contract, ᵗ ᵗⁱore especially, if the company, or himself, as a stockholdᵗ reaped a benefit from the contract; and this rule holds go. ᵗthough the consideration of the contract may be one exprᵗ ᵗrohibited by statute. The same disability would attach ( ᵗ⁹ transferee of his stock who bought with notice.) We conᵗ ᵗ r this general rule of equity abundantly sustained.—Moraw ᵗ⁻ᵘz on Priv. Corp., §§ 261, 262; Cook on Stock and Stockholders, §§ 39, 40, 735; *Wright v. Hughes*, 12 Amer. St. Rep. 413. It sustained by the familiar rule, that he who invokes ti ᵗ of a court of equity must have clean hands. Mr. Cook sᵗ te. the conditions upon which a stockholder can sustain a suit ᵗᵗ remedy the frauds, *ultra vires* acts or negligence of directors. be, *first*, the acts complained of must be such as to amour a breach of trust, and such as neither a majority of the diᵢ ᵗⁱⁱⁱrs nor of the stockholders can ratify or condone; *second*, ᵗ, the complaining stockholder himself is free from *lac₂* acquiescence of the acts to remedy which the suit is broug! ; *third*, that the corporation has been requested and reᵗt ᵗ or neglected to institute the suit, that the suit is instituteᵗ ᵗ *bona fide* stockholders as complainants, and that the cᵗ ᵗⁿoration and the guilty parties, and other proper parties haᵗ ᵗⁿeen made defendants. *Cook, supra*, § 646.

If the averments of the bill are sustᵗᵗ ⁿd by proof, the stock issued to the defendants was in violatᵗⁿⁿ of section 1662 of the Code and of section 6, Article XI ᵗⁿf the Constitution. On the contrary, if the proof showᵗ, ᵗhat the property was received in payment of stock, at a fᵗ ᵗ valuation, such would not be the result.—*Davis Bros. v. ᵗ⁻ᵗ Montgomery Fur. & Chem. Co.*, at present term.

In cases where the stockholders or the ᵗ₄ company by any *laches*, acquiescence or participation in the unᵗᵗ ₄ vrful and fictitious issue of stock or for any other sufficieⁿ ᵗⁿuse are precluded from instituting the proper proceedinᵗ o remedy the wrong, the remedy is still open to the Statᵗ institute all

[Elyton Land Co. v. Birmingham Warehouse & Elevator Co.]

necessary and proper proceedings to vacate and dissolve the corporation, or have such other proper judgment and decree rendered, as the proof and justice may demand.

It may be, that stockholders, who knowingly and intentionally have subscribed and paid for stock with property upon a fictitious valuation, are liable as stockholders who have not paid up in full for their stock, within the meaning of the statute, to creditors who have not precluded themselves from maintaining the suit.—Wait, *supra*, § 593; *Douglas v. Ireland*, 73 N. Y. 100; *Boynton v. Andrews*, 63 N. Y. 93.

Applying the rule of law applicable when a motion to dissolve an injunction is submitted upon bill, exhibits, and answer, and considering only so much of the answer as is responsive to the bill, we are of opinion that the decretal order, overruling the demurrers and motion to dissolve the injunction, is free from error.

Affirmed.

The case of *Downey v. Joseph* was affirmed on the authority of the above case.