# Kolsky v. Enslen.

### *Action on Contract.*

1. *Sufficiency of plea of want of consideration.*—The test of the sufficiency of a plea in abatement or in bar of a suit is, whether the facts relied on as a defense are so stated that a material issue may be taken thereon ; and in an action on a written contract, a plea, which alleges "that said agreement is without consideration," is sufficient, and not subject to demurrer on the ground that it "states a conclusion and fails to set forth any 'facts ;" such plea alleging, not a conclusion, but, a fact, on which a material issue could have been formed, and the burden of proving which is, under the provisions of the statute (Code, § 2769), upon the defendant.

2. *Plea in bar; sufficiency.*—In an action on a written contract, in which the defendant agreed to refund to the plaintiff the amount paid by him for a certain number of shares of stock in a company, on his surrender of the said shares of stock to the defendant at the end of two years from the date of the agreement, a plea alleges facts sufficient to bar the right of recovery, which avers as matter of defense that before the expiration of two years from the date of said agreement the plaintiff voluntarily surrendered said shares of stock referred to in the agreement to the company issuing them, and received in lieu thereof other and different stock, thereby incapacitating himself to perform his part of the contract.

3. *Replication to plea in bar.*—Where, in an action on a written contract, in which the defendant agreed to refund to the plaintiff the amount paid by him for certain shares of stock in a certain company, on his surrender of said shares of stock to the defendant, at the end of two years from the date of the agreement, the defendant pleads, as a matter of defense, that before the expiration of two years from the date of said agreement, the plaintiff voluntarily surrendered said shares of stock to the company issuing them, and received in lieu thereof different stock, thereby incapacitating himself to perform his part of the contract, a replication to said plea which avers that the defendant, at the time of the transactions set up in said plea was an officer and a director of the company, having knowledge of the transaction, and was active in its consummation, avers no facts which relieve the plaintiff of the consequences of his voluntary surrender of said stock to the company, and which precludes him from a recovery in said suit.

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.

[Kolsky v. Enslen.]

This was an action brought by the appellant, A. Kolsky, against the appellee, E. F. Enslen, on December 2d, 1892 ; and sought to recover from the defendant $800. The action was founded upon the following contract : "A. Kolsky, Esq., Birmingham, Ala. Dear Sir :—We hereby agree to refund to you, on surrender to us by you your shares of interest in the East Tenn. & North Ala. Coal & Iron Co. at the end of two years from this date, the sum of $800, being the amount paid for ten shares of the 'ground floor' stock of said company by you this day—in other words we guarantee you against loss of principal invested. [Signed] E. F. Enslen, A. S. Loventhal. By J. C. Marks."

Among the other defenses set up by the defendant in several special pleas, were the following : 2d. "Defendant says that said alleged agreement is without consideration." 3d. "Defendant says, that after the date of the alleged contract and before the expiration of two years from said date the plaintiff transferred or surrendered the ten shares of stock in the East Tennessee and North Alabama Coal & Iron Company mentioned in the complaint to the company, and in lieu and in consideration of such surrender received from said company, to-wit, seventy shares of a new issue of stock in said company, and voluntarily surrendered to said company one-third of his said new stock, or returned the said one-third of his new stock to said company, to be held by it as treasury stock." 4th. "Defendant says, that after the date of the alleged contract, and before the expiration of two years from said date, the said company issued to plaintiff a bond for one thousand dollars secured by a deed of trust or mortgage on said company's property, and also issued to plaintiff a certificate for a number of shares, to-wit, seventy-five shares of a new issue of stock in said company, and that plaintiff received the same, and that the consideration for said issue of said bond and new stock was the return of said ten shares of stock described in the complaint, wherefore defendant says that plaintiff disabled himself to comply with his part of said alleged contract."

To the second plea the plaintiff demurred on the ground, that it "states a conclusion and fails to set forth any facts." The substance of the demurrers to the third and fourth pleas is sufficiently stated in the opinion.

These demurrers were all overruled, and the plaintiff
filed several replications to the third and fourth pleas.
The substance of these replications is sufficiently stated
in the opinion.   To these several replications the de-
fendant demurred on the grounds, substantially, that
they did not allege that the defendant agreed to receive
the said new stock in lieu of the ten shares as described
in the complaint; and that the defendant's right to in-
sist upon the terms of his original contract was not im-
paired by the issue of the new stock.   The demurrers
to the replications were sustained, and in accordance
with the verdict of the jury, empannelled to try the
cause, the court rendered judgment for the defendant.
The plaintiff prosecutes this appeal, and assigns as error
the rulings of the court upon the pleadings.

E. E. WEBB and W. R. HOUGHTON, for appellant.—The
plea of the defendant that "said agreement is without
consideration," was insufficient, and the demurrers
thereto should have been sustained.—*Darby v. Berney
Nat. Bank*, 97 Ala. 643; *McAfee v. Glen Mary C. & C.
Co.*, 97 Ala. 709: *Carmelich v. Mims*, 88 Ala. 335; *Phoe-
nix Ins. Co. v. Moog*, 78 Ala. 284.

E. K. CAMPBELL and W. C. WARD; contra.—The plea
that the contract sued on was without consideration was
good, and the demurrer thereto was rightly overruled.
It is a succinct statement of the facts relied on.—Code,
§ 2674; *Giles v. Williams*, 3 Ala. 316.  See also 25 Amer.
Dec. 24.

BRICKELL, C. J.—The assignments of error are
directed solely to the revision of rulings of the court
below, overruling demurrers to pleas, and sustaining
demurrers to replications; and it is convenient to con-
sider these rulings in the order in which they have been
argued by counsel.
1.   The action is founded on a contract or agreement
in writing, and the first plea to which our attention is
drawn, is brief.   Omitting the commencement, it merely
alleges "that said agreement is without consideration."
The Code (§ 2769) declares that every written contract,
the foundation of suit, imports a sufficient considera-
tion, which may be impeached by plea, "and, when so

impeached, the burden of proof is on the defendant." A plea not distinguishable from this plea, in form and substance, was held good in *Giles v. Williams*, 3 Ala. 316, an action on a sealed instrument, the consideration of which may be impeached by plea.—Code, § 2667. And it was said this form of pleading resulted from the statute; if there was an absence of consideration to support the contract, there were no special circumstances to aver; the plea was of necessity negative, for it was not possible to state that affirmatively which had no existence. It is not, as is suggested by counsel, a conclusion, but a fact, which the plea avers as the matter of defense; a fact of which the defendant must make proof. The test of the sufficiency of a plea in abatement, or in bar of a suit, is, whether the facts are so stated that a material issue may be taken thereon; if the facts are so stated, however informal the plea may be, it is not subject to objection.—Code, § 2674. The general replication would have put in issue the truth of the plea, compelling the defendant to disproof of a valuable consideration, which the writing imports; or, if there was a valuable consideration, its existence was matter which could have been averred in a special replication, on which the defendant must have taken issue. A material issue could have been formed on the plea, and of consequence it was not subject to demurrer. The cases of *Phœnix Ins. Co. v. Moog*, 78 Ala. 284; *Carmelich v. Mims*, 88 Ala. 335; *Darby v. Berney National Bank*, 97 Ala. 643; *McAfee v. Glen Mary Coal & Coke Co.*, *Ib.* 709, to which we are referred, are not opposed to this conclusion. The pleas in these cases were apparently intended, and were so deemed by the court, as "pleas in short by consent," the consent not having been obtained. No one of them contained an averment of the issuable fact found in the present plea; a want of consideration for the contract on which the suit was founded.

2. The third and fourth pleas, the remaining pleas, the demurrers to which were overruled, may properly be considered in connection. Substantially, these pleas aver as matter of defense, that before the expiration of two years from the making of the agreement, the plaintiff had voluntarily surrendered to the company issuing them, the ten shares of corporate stock, the subject matter of the agreement; the company in consideration

of the surrender, issuing to him seventy, or seventy-five shares of new stock, one-third of which he left with the company, as treasury stock. There were numerous causes of demurrer assigned to these pleas, but they are readily reducible to the inquiry, whether the facts stated are sufficient to bar the right of recovery. The agreement is not of difficult construction, and the relative rights and duties of the parties are of easy ascertainment and solution. The facts recited in the agreement are, that on the day it was made, the plaintiff purchased ten shares of the "ground floor stock," as it is termed, of the East Tennessee & North Alabama Coal and Iron Company, paying therefor eight hundred dollars. It is not perhaps, a strained inference, that the promissors were the vendors of the stock ; or if not, had induced the purchase. However this may be, they promise, on the expiration of two years, to pay the plaintiff the principal sum invested in the purchase, on his surrender to them of his "shares or interest in the company." These general words, "shares or interest in the company," must be referred to the ten shares of stock that day purchased; for it is manifest, this is the only purchase or transaction which was in the contemplation of the parties. They are incapable of extension so as to embrace any other purchase, or any other transaction, or any larger number of shares, or greater interest, than these shares represented. The promise of guaranty or indemnity extends only to loss resulting from this purchase or investment, and not to loss resulting from any other transaction. The agreement placed the parties in a relation not dissimilar to that of vendor and vendee, on a bargain of "sale or return," the buyer having the option to return the goods within a designated period, or a reasonable time ; and their rights and duties correspond to the rights and duties of vendor and vendee, on such bargain. The title to the goods passes to the vendee— he becomes the absolute owner ; and the element of option the bargain involves, is his option, not that of the vendor. If he should, before the expiration of the time appointed for the return, make an absolute sale of the goods, or otherwise incapacitate himself to make the return, the option would be exercised ; he would choose not to return. This agreement has in it a like element of option, and it is the option of the plaintiff only. He

was the absolute owner of the stock, and in the exercise of his option to surrender it, the promisors could not quicken him; nor could they interfere, or complain of any disposition he made, or proposed to make of it. Nor could they, on the expiration of the two years, or at any time prior, on the tender or payment of the eight hundred dollars invested in the purchase of the stock, demand its surrender. The whole purpose, scope and object of the agreement is to give the plaintiff, the option, the privilege, on the expiration of two years, to surrender—to transfer to the promisors—title to and possession of the ten shares of stock; in that event, imposing on them, the duty of refunding the principal sum invested in its purchase. The promise is conditional; it is dependent upon the surrender of the stock; without the surrender, there can not be performance of the condition, which will satisfy the spirit and meaning of the agreement, and the intention of the parties as therein expressed.—*Lester v. Jewett*, (1 Kernon), 11 N. Y. 453; *Wooster v. Sage*, 67 N. Y. 67; *Pope v. Manufacturing Co.*, 87 N. Y. 137; *Taylor v. Blair*, 13 N. Y. Supp. 154.

The term "ground floor stock," it may be, in common parlance, is used to distinguish a particular class of stock. If illegality be not presumed, a presumption the law never indulges, as employed in the agreement, the term can not be accepted as referring to any other stock, than stock of legal validity; stock legally issued by the company for money, or for labor done, or for property, the company had capacity to acquire and hold, taken at its reasonable value. There is no other corporate stock which is recognized as of legal validity.— *Williams v. Searcy*, 94 Ala. 360; *Parsons v. Joseph*, 92 Ala. 403; *Elyton Land Co. v. Birmingham Warehouse &c. Co., Ib.* 407. This is the character of the stock in which the plaintiff invested, whether it was the common stock of the company, or preferred stock, if the company had authority to issue stock of that class; and it is this stock he must surrender, before the duty of the promisors arises.

The transactions averred in the pleas, we are considering, are irreconcilable with any purpose or intent on the part of the plaintiff to exercise the option or privilege of surrendering the stock—they are reconcilable only with an election not to make the surrender. An absolute sale of the stock, or its conversion into any other species of

property, would not have been a more complete manifestation of an election not to make the surrender. The identity and legal existence of the original stock were merged in the new issue, and in effect the original stock cancelled, or subjected to cancellation at the pleasure of the company. Without inquiring what differences may exist between the liability of the holder of the original stock, and a holder of the new stock, the plaintiff has exercised the option or privilege the agreement gave him, incapacitating himself to perform the condition on which the duty of the promisors depended. We do not propose to consider whether these transactions, were, as is now insisted by counsel, infected with illegality; they were not void; voidable only, in any event, at the instance of innocent parties having rights or interests injured by them. All standing in the relation of the plaintiff, all participating in them, are bound by them, and estopped to deny their validity.—1 Cook on Stocks and Stockholders, 339; *Parsons v. Joseph*, 92 Ala. 403. There was no error in overruling the demurrers to these pleas.

3. The several replications, to which demurrers were sustained, aver that the appellee, the promisor now sued, at the time of the transactions set out in the third and fourth pleas, was an officer and a director of the company, having knowledge of the transactions, and active in their consummation. This works no change in the character and effect of the transactions, and can not relieve the plaintiff from the consequences of them. The conversion of the stock was the voluntary act of the plaintiff to which the assent and agency of the company were necessary. The assent could be given by the company only by and through its officers and agents; and when given, was ineffective without the concurring action of the plaintiff; and it is this concurring action, which was the manifestation of his election, not to surrender the stock, and incapacitated him from making the surrender.

Affirmed.