# The Montgomery Light Co. *et al.* v. Lahey *et al.*

*Bill by Minority Stockholders Against Directors for Misappropriation of Corporate Funds.*

| | |
|---|---|
| 121 | 131 |
| 129 | 625 |
| 121 | 131 |
| 135 | 521 |
| 121 | 131 |
| 137 | 290 |

1. *Stockholder; what necessary to a suit by him against officers.* The rule is well established that before an individual stockholder of a corporation can bring suit in his own name for the wrongful conversion of corporate funds or misappropriation of corporate assets by its officers, he must first make demand on the managing officers or governing board of the corporation to correct the wrongs complained of, by legal proceedings or otherwise; and meeting with failure or refusal in this regard he must next seek redress through the stockholders as a body.

2. *Same; when he may sue without demand.*—If it clearly appears that a demand on the directors or governing board of the corporation for redress of wrongs complained of, would meet with refusal, or that the litigation following in order to this redress would necessarily be under the control of persons opposed to its success, or where the persons composing the governing board or a majority of them are themselves the wrongdoers or under their control, and that any effort to obtain redress through the stockholders would be unavailing for want of time or other cause,—in such cases the minority shareholders may maintain the suit in their own names without any previous demand or refusal of the directors or other governing officers.

3. *Same; averments by must be distinct.*—The averments in a bill filed by a shareholder of a corporation in his own name, to show his right to maintain the suit, whether in a case where demand and refusal are alleged, or where a demand is not

[The Montgomery Light & Power Co. *et al.* v. Lahey *et al.*]

required, must be clear and distinct and shown to the satis-
faction of the court.

4. *Same; not necessary to aver from whom his stock was obtained.*
It is not necessary for the complainants to aver when and
from whom they obtained their stock in the defendant com-
pany, in a suit by shareholders to redress wrongs alleged to
have been done by the directors or managing board.

5. *Laches; how the doctrine of, applied.*—Mere delay in the asser-
tion of a right, without more, does not in itself constitute
laches; but courts of equity apply the doctrine by analogy to
statutes of limitation, or in the absence of such statute, will
treat a claim after long and unreasonable delay in asserting it,
as a stale demand.

6. *Same.*—The doctrine of laches, when not applied by analogy to
some statute creating a bar, or upon the theory of a stale
demand, must rest on the doctrine of estoppel where rights
have arisen upon presumed acquiescence from unreasonable
delay.

7. *Same.*—When called upon to account by the corporation, or share-
holder when he is authorized to maintain suit in his own
name, the unfaithful director cannot cover his *mala fides* with
the plea of laches, on account of mere delay in calling him to
account; if the wrongful acts extend through a series of years,
and as to some of them the bar of the statute of limitations is
complete, there still may be an accounting on all matters not
within the bar.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

Bill of Lucy W. Lahey and Sallie G. W. Farrington
against the Montgomery Light Co. and others. Motion
to dismiss for want of equity and demurrers to the bill
were overruled. The defendants appealed from this de-
cree. The 7th and 8th grounds of demurrer interposed
by the defendants to the bill are: 7th. It does not ap-
pear in and by the allegations of said bill of complaint
but that suit would have been instituted in the name of
the corporation to redress the alleged wrong had proper
application been made to the stockholders of the said
company.

8th. It does not appear by the allegations of the said
complaint that the complainants ever sought to have the
said alleged wrongs redressed by the corporation as re-
quired by law. There were other assignments of de-

[The Montgomery Light & Power Co. *et al.* v. Lahey *et al.*

murrer raising the questions decided by the court. The cause is here reversed, because of error in overruling the demurrers.

WATTS, TROY & CAFFEE, for appellants.—Before an individual shareholder in a corporation can bring a suit in his own name he must first make an earnest effort with the managing body to induce remedial action on their part; and failing with the directors he must show that he had made an honest effort to obtain action by the stockholders as a body in the matter of which he complains and must show cause if this is not done why it could not be done, or it was not reasonable to require it.—*Hawes v. Contra Costa Water Co.*, 104 U. S., 462; *Manufacturing Co. v. Cox*, 68 Ala. 71; *Roman v. Woolfolk*, 98 Ala. 219; *Merchants & Planters' Line v. Wagoner*, 71 Ala. 581; *Steiner v. Parsons*, 103 Ala. 215.

GORDON MCDONALD, *contra.*—(1). The allegation of the failure by the Montgomery Light Co. to bring suit after request is sufficient, and authorized stockholders to sue in their own names.—*Tuscaloosa Mfg. Co. v. Cox*, 6 8Ala. 71; *Nathan v. Tompkins*, 82 Ala. 437; *M. & P. Line v. Wagoner*, 71 Ala. 581; *Dodge v. Woolsey*, 59 U. S., 331. (2). The circumstances of this case disclose enough to show that it would have been idle and fruitless form for the complainants to request the directors to sue themselves.—*Keith v. The Erie Ry. Co.*, 8 Blatch, 347; *Crublick v. Shenandoah Valley R. R. Co.*, 28 W. Va., 633; *Peabody v. Flint*, 6 Allen, 52. (3). It is immaterial how or when or from whom the complainants obtained their stock.—*Parsons v. Joseph*, 92 Ala. 403; Cook on Stockholders, 3 Ed., Sec. 742; *Ramsey v. Gould*, 57 Barber, 398; *Solomons v. Laing*, 12 Beaver, 339. (4). The doctrine of laches is nothing but the doctrine of equitable estoppel and has no application in this case.— *Covington, etc., R. R. Co. v. Bowler's, ex'rs*, 9 Bush, 570; *Whitman v. Bowden*, 2 S. E. Rep., 630; *Pinkston v. Brewer*, 14 Ala. 315; *Bacon v. Rieves*, 106 U. S. 99.

DOWDELL, J.—The bill in this case is filed by complainants as minority stockholders in the Montgomery Light Company, a body corporate, in behalf of themselves and any other stockholders who may come in and

join in the suit. The purpose of the bill is to hold certain directors and other parties dealing with them liable for alleged misappropriation of the corporate funds. Demurrers were interposed to the bill by the respondents Pollak, Roman, Pelzer, Billing and Josiah Morris & Co.; also, motion to dismiss the bill for want of equity. From the decree of the court overruling the demurrers and motion this appeal is prosecuted by the above named respondents.

The vital question in the case is raised in the 7th and 8th grounds of the respective demurrers of these defendants. Do the averments of the bill sufficiently show a right in the complainants to maintain the suit in their own names as shareholders? The theory of the bill is, that complainants' company has been injured and damaged by the alleged wrongful acts of the defendants. The damages to the complainants is a resultant damage through the wrong and injury done the corporation in which they are shareholders. The wrongs complained of are alleged to have been committed in some instances, by certain officers of the company, and in others by certain officers in conjunction with outside parties or strangers.

Ordinarily, and it is a well established rule, a corporation should bring its own suit against its officers for misconduct or negligence in the management of its business affairs, or for the recovery of its funds wronguflly converted or misapplied, or for its property illegally conveyed or delivered to a stranger. The rule, also, seems to be well established by former decisions of this court, that before the individual stockholder can begin suit in his own name for the wrongful conversion of corporate funds, or misappropriation of the corporate assets, by its officers, he must first make demand upon the managing officers or governing board of the corporation to correct the wrongs complained of, by legal proceedings or otherwise, and meeting with failure or refusal in this regard, he must next seek redress through the stockholders as a body. Such demand or request must not be simulated, but an earnest and honest effort and endeavor on his part through such governing board to have the wrongs redressed, and this should be clearly shown by

the averments of the bill and the proof to the satisfaction of the court.—*Steiner v. Parsons et al.,* 103 Ala. 215; *Manufacturing Co. v. Cox,* 68 Ala. 71; *Nathan v. Tompkins,* 82 Ala. 437; *Roman v. Woolfork,* 98 Ala. 219; *Merchants & Planters' Line v. Wagoner,* 71 Ala. 581; *Hawes v. Oakland,* 104 U. S., 450.

There, are, however, exceptional cases where this demand on the directors or governing board of the corporation is not required. If it is made clearly to appear that such demand would meet with refusal, or that the litigation following would necessarily be under the control of the persons opposed to its success, or where the persons constituting the governing board, or a majority of them are themselves the wrong-doers, or under their control, and that any effort to obtain redress through the stockholders would be unavailing for want of time or other cause—in such cases the authorities sustain the doctrine that the minority shareholders may maintain the suit in their own name without any previous demand or refusal on the directors or other governing officers.—*Steiner v. Parsons, supra,* and other authorities cited above. Also see *Dodge v. Woolsey,* 59 U. S., 331; *Heath v. Erie Ry. Co.,* 8 Blatch., 347; *Crumlish v. Shenandoah Valley,* 28 W. Va., 633; *Peabody v. Flint,* 6 Allen, 52; *Boston v. Theater Co.,* 104 Mass., 378.

Do the averments in the present bill as to distinctness and clearness meet the requisite standard of pleading in such cases? The authorities are uniform, that the averments in a bill filed by a shareholder in his own name, to show his right to maintain the suit, whether in a case where a demand and refusal is alleged, or where a demand is not required, must be clear and distinct, and shown to the satisfaction of the court. "Matters essential to complainant's right to relief, must appear not by inference, but by clear and unambiguous averment."— *Savannah & Memphis R. R. Co. v. Lancaster,* 62 Ala. 562; *Duckworth v. Duckworth,* 35 Ala. 70.

. . While it is shown by the allegations of the bill that a demand was made upon the board of directors of the Montgomery Light Co. by a communication addressed to them and the president of said company, calling their attention to the wrongs complained of and asking that

proceedings be taken to right said wrongs, and a failure on their part to act, yet it is nowhere averred that any effort was made to obtain redress through the stockholders. Nor are the averments sufficient to dispense with an application to the stockholders as a body, before filing the bill as an individual stockholder. The bill avers that the respondent Pollak, complained of in the bill as one of the wrong-doers, at one time owned and controlled a majority of the stock in said Light Company and that in 1894 he sold and transferred his stock to respondent Billing, who is also charged as a party to the wrongs complained of, but it is nowhere averred that said Billing either at the time of the demand made upon the board of directors or at the filing of the bill owned or controlled a majority of the stock. For aught that appears from the averments of the bill, at the time of the filing of the bill, a majority of the stock may have been owned by parties from whom relief could have been had upon proper application. The averments as to these matters are too vague and indefinite to confer upon the individual stockholder the right to bring suit in his own name.

It was not necessary for the complainants to aver when and from whom they obtained their stock in the defendant company. The decisions by the Federal courts on this question are based on Rule 94, a rule of practice adopted by the U. S. Supreme Court. "The rule is not a general principle of law, applicable to pleadings in all the courts, and has never been applied to the courts of this State."—*Parsons v. Joseph,* 92 Ala. 403.

It is contended by counsel for appellants that complainants' bill shows them to have been guilty of *laches,* and for that reason they are barred of any right of recovery. The wrongs complained of in the bill, according to its averments extended through a series of years down to within a short time of the filing of the bill. *Laches* is defined to be such neglect or omission to assert a right as; taken in conjunction with lapse of time more or less great, and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity.— Am. & Eng. Ency. Law, Vol. 12, 533. The rule that the enforcement of a right may be barred by *laches* is an ap-

plication of the maxim *"vigilantibus non dormientibus, subvenient legis."*—Am. & Eng. Ency., Law, Vol. 12. Mere delay in the assertion of a right, without more, does not in itself constitute *laches.* Long delay, however, is strong evidence of acquiescence, and when parties have acted or acquired rights by reason of such delays, courts of equity will hold the party delaying barred of his right of action by such delay or acquiescence. Courts of equity also act by analogy, as where in other cases under similar conditions a demand would be barred by some statute of limitation, a court of equity would apply the doctrine of *laches* on account of the failure to act within the period fixed by the statute as a bar, or in the absence of a statute from which to draw an analogy, after long and unreasonable delay would treat the claim as a stale demand. The doctrine of *laches* when not applied by analogy to some statute creating a bar, or upon the theory of a stale demand, must rest upon the doctrine of estoppel where rights have arisen upon presumed acquiescence from unreasonable delay. Much of course depends upon the relation the respective parties to the suit bear to each other in the application of this doctrine. The defendant directors occupied a fiduciary relation toward the stockholders and the corporation of which they are directors. In the control of the assets and funds of the corporation, and in the direction and management of its business affairs, they are trustees.—*Bent v. Priest,* 86 Mo., 478; *Parker v. Nickerson,* 112 Mass., 195; *Butts v. Woods,* 38 Barb., 188; *Abbott v. American Rubber Co.,* 33 Barb. 578; Perry on Trusts, § 207. When called upon to account by the corporation, or by the shareholder when he is authorized to maintain suit in his own name, the unfaithful director cannot cover his *mala fides* with the plea of *laches,* on account of mere delay in calling him to account. As stated above, the wrongful acts complained of in the bill extended through a series of years down to within a short time of the filing of the bill, and even though, as to some of the acts complained of, having occurred more than six years prior to the commencement of the suit, and therefore barred by the statute, still this would not defeat the complainants in having an accounting on all matters not within the bar of the statute.

The 7th and 8th grounds of assignments of the several demurrers interposed by the appellants to the bill, we think were well taken and should have been sustained.

The decree of the city court is reversed and the cause remanded.