Bingham v. Rushing.

<hr />

## BINGHAM v. RUSHING.

1. The act of 31st December, 1841, the more speedily to collect debts against corporations, does not have a restropective effect so as to authorise a suit commenced before its passage.

2. When the stockholder of a corporation is garnisheed as a debtor of the company, and answers that he has paid all the calls made by the President and Directors of the company upon him, he cannot be made responsible upon the residue of his stock, upon which no calls have been made, upon the general law of garnishment.

ERROR to the Circuit Court of Tuskaloosa.

This proceeding was commenced in the court below by the plaintff in error, by proceess of garnishment against the defendant in error. The plaintiff, at the March term, 1840, of the circuit court of Tuskaloosa, recovered a judgment against the Wetumpka and Coosa Rail Road Company, for $1365 06, and on the 31st August, 1840, he made affidavit and obtained process of garnishment against the defendent as a stockholder of the Company. The defendant appeared and answered, denying that he was indebted to the Company, but admitted that he was a member; that he had subscribed for thirty shares of the stock, at one hundred dollars, per share; that he paid twenty-five per cent. on his subscription, which was all that was called for by the Company, and denied also that he was liable, because the subscription was made upon an agreement with the company, the conditions of which have not been performed.

The plaintff filed an affidavit and tendered an issue under the statute, to which the defendant demurred, and the court sustained the demurrer. The plaintiff then moved for judgment upon the answer of the garnishee, which the court refushed. The plaintff prosecutes this writ, and assigns these matters as error.

COCHRAN, for the plaintiff in error, cited 2 S. & P. *199*; 3 ib. *21*.

PECK and MOODY, *contra*. No judgment can be rendered against the garnishee on his answer under the general law, because he denies owing any thing; nor under the act of 1841, authorising the stockholders of a corporation to be garnisheed, because the act was passed after this proceeding was commenced.

ORMOND, J.—Several questions are presented on the record and have been made in the argument of counsel, which from the view we take of this case, it is not necessary to consider. We shall confine ourselves to the examination of two; whether this garnishment can be sustained under the act of 1841, and whether any judgment can be rendered upon the answer of the garnishee under the law as it existed previous to the passage of that act.

Bingham v. Rushing.

The act of the 31st December, 1841, was passed to secure more speedily the collection of debts against corporations. The first section authorizes a garnishment to issue against any stockholder in a corporation, in favor of a judgment creditor, upon his making an affidavit which the statute prescribes. The second section declares that the stockholders shall be liable to the creditors of the company for the amount of stock subscribed by them and unpaid, as debtors to the corporation, and that such liability may be enforced by garnishment.

It is not necessary to consider what was the extent of the remedy intended to be conferred by this statute; whatever it was, it must be prospective in its character, so far as it relates to the institution of the suits authorised by it, and cannot apply to suits then in existence. If this garnishment was not authorised by law, when it was instituted, it cannot be aided by this act; and in the consideration of the question, the act must be left entirely out of view.

By the law, as it stood when this proceeding was commenced, upon the return of the proper officer, to an execution of "no property found," upon the plaintiff or some credible person making affidavit that the defendant had no property in his possession, and that another person was indebted to him or had effects belonging to him in his hands, a garnishment issued against the person supposed to be indebted to the defendant in execution. [Aik. Dig. 213.] It was then, being indebted to the defendant in execution, or having possession of effects belonging to him, which subjected one to the process of garnishment, and the only question is whether the defendant was a debtor of the corporation, or had effects of the corporation in his hands.

By his answer, he states that he was a subscriber for three hundred shares of stock of the company, at one hundred dollars per share—that the directors have called on the subscribers for twenty-five per cent. on each share, which he has paid, and that no other call has been made by the company. He states further, that he subscribed as a stockholder, conditionally, upon an agreement entered into between the company and himself, which he alleges the company have not complied with. Without entering on the consideration of the question, whether he could become a stockholder in the company, in any other mode than that pointed out in the charter, and for the purposes of this case, con-

sidering him a general stockholder, we proceed to enquire whether the answer shows any indebtedness on the part of the garnishee to the company, which could be condemned to the payment of their debt to the plaintiff in error.

The charter of the company, which was created by the Legislature on the 9th January, 1836, and amended on the 21st December, 1836, must be our guide in ascertaining when, and in what mode the stockholders became liable to the company for the amount of their subscription. The 2d section of the amended charter declares " that the directors shall have power to require the stockholders of said company to pay such instalments on their respective shares of stock in said company, and at such times as they may think 'best;" and upon the refusal, or neglect to pay such instalment, pursuant to such call by the President and Directors, that such stock may be sold, &c.

The 2d section gives the company a remedy by motion against such defaulting stock-holder, either for the amount called for by the company, or for any deficiency of such amount not produced by a sale of the stock, and requires the court to render judgment therefor. It is therefore perfectly obvious that until such call was made, there was no such indebtedness on the part of the stockholder as would authorize the corporation to maintain an action against him, either at common law or by the summary remedy given by the statute—and if the corporation could not maintain the action because there was no indebtedness, it is clear this proceeding cannot be maintained.

These views dispose of the entire case, and render it unnecessary to enquire whether the court decided correctly on the demurrer to the issue tendered by the plaintiff, because if every fact he desired to controvert were found in his favor, it could not change the result. The question, whether by the act of 1841, referred to at the commencement of this opinion, it was not intended by the Legislature to dispense with the necessity of a call by the President and Directors on the stock-holders and to make them liable for the amount of their subscription to the creditors of the company without such requisition, is one of great importance; but as already stated, as that act was not in existence when this proceeding was commenced, it can have no influence on this case.

Let the judgment be affirmed.