# Nicrosi v. Irvine.

## Garnishment Suit.

1. *Garnishment; liability of stockholders as garnishees on fictitious payment for stock.*—Stockholders of a corporation, who have paid for the stock subscribed by them in property at an agreed fictitious valuation, can not be made liable as garnishees, in a garnishment proceeding by a judgment creditor of the corporation, for the difference between the real value of the property conveyed by them to the company and the face value of the stock subscribed and received by them.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN R. TYSON.

The facts of the case are sufficiently stated in the opinion.

THOS. H. WATTS, for appellant.—1. The plaintiff in this suit could maintain garnishment against the garnishee.—*Curry v. Woodward,* 44 Ala. 305; *Lehman v. Warner,* 61 Ala. 455; *Davis Bros. v. Montgomery F. & C. Co.,* 101 Ala. 127; *Parsons v. Joseph,* 92 Ala. 403; *Carroll v. Milner,* 93 Ala. 301.

2. Our statutory and constitutional provisions requiring stock of corporations to be paid for in money, or in

[Nicrosi v. Irvine.]

property at its money value, would be meaningless if the rule were otherwise. Any agreement to accept less than the full amount of the subscription must be, under the laws, fraudulent and void as against all creditors of the corporation without regard to when they became such.—*Gay v. Brierfield C. & I. Co.*, 94 Ala. 331 ; *Huntington v. Attrill*, 38 Amer. & Eng. Corp. Cases, 402 ; 1 Cook on Stocks & Stockholders, § 199.

3. The constitution and laws give to the subscriber immunity from liability beyond the par. value of the stock subscribed, on condition that he shall be liable for the full par value of the shares.—Constitution of 1875, Code of 1886, p. 47, §§ 6, 8 ; *Ooregum & Co. v. Roper*, 41 Amer. & Eng. Corp. Cases, 550.

4. Although, as a general rule, only those demands can be reached by garnishment for which the judgment debtor can maintain an action at law, a well recognized exception exists here and elsewhere, where statutes similar to ours exist, and that exception is, that, where that debtor has released the debt by an act which is in law fraudulent and void, as against the garnishing creditor, then the debt released and discharged by that act can be reached by the creditor, although the judgment debtor himself could not reach it. In such a case the garnishment partakes of the nature of an equitable proceeding and reaches out after equitable assets.—*Henry v. Murphy*, 54 Ala. 246 ; *Alexander v. Pollock*, 72 Ala. 137 ; *Lindsay v. Morris*, 100 Ala. 546 ; *In re Glen Iron Works*, 20 Fed. Rep. 678 ; 8 Amer. & Eng. Encyc. of Law, 1192 ; *Davis Bros. v. Montgomery F. & C. Co.*, 101 Ala. 127.

BRICKELL, SEMPLE & GUNTER, *contra.*—1. The statutes of this State authorize the creditors of a corporation to reach and subject the unpaid subscription of any stockholder in such corporation.—Code, § 2972; Acts 1888–89, p. 94. Before the subscription can be regarded as unpaid, and the subject of a garnishment, it must be a debt the corporation can recover in its own name.— *Teague v. LeGrand*, 85 Ala. 493; *Ruse v. Bromberg*, 88 Ala. 619 ; *Thompson v. Savings Bank*, 3 Amer. St. Rep., 806, n.; 1 Morawetz on Corporations, § 144.

2. Whether the lands with which the garnishee paid his subscription to the capital stock of the defendant

corporation were equivalent in value to the par value of the stock, is not a material inquiry; since subscription to stock may be paid by the conveyance of property.— Beach on Corporations, § 557; Cook on Stocks & Stockholders, § 13.

3. The subscribers and the corporation have full capacity to contract, and of necessity must agree on the value in money of the property or labor taken in payment for the stock. And when they agree, and the agreement is executed by the issue of the stock and the rendition of the services, or the conveyance of the property, if there be no fraud or deceit, neither party can repudiate or rescind the agreement.—Bishop on Con., § 679 *et seq.*; Cook on Stocks & Stockholders, § 38; 2 Morawetz Corp., § 825.

4. A garnishment suit can not be maintained in this instance, because there is not a debt or liability the judgment debtor could enforce by suing in his own name at law. There was no such debt or liability, because there was full payment for the stock in property transferred by the creditors to the corporation at a price fixed by agreement of the parties, without fraud, actual or constructive. If the payment be not valid as to the creditors of the corporation, the right to demand further payment, is a right residing in the creditors, not in the corporation, and can not, therefore, be enforced by garnishment.—*Elyton Land Co. v. Birmingham Warehouse & Elevator Co.*, 92 Ala. 407; *Teague v. LeGrand*, 85 Ala. 493; *Ruse v. Bromberg*, 88 Ala. 619; *Thompson v. Sav. Bank*, 3 Amer. St. Rep. 806, note; *Hospes v. N. W. Mfg. Co.*, 31 Amer. St. 637; *Coit v. N. C. Gold A. Co.*, 14 Fed. Rep. 12; *Handley v. Stutz*, 139 U. S. 417.

McCLELLAN, J.—Nicrosi, having a judgment against the Calera Land Company, sued out process of garnishment againt W. M. Irvine, alleging that said Irvine was indebted to the defendant in judgment. To put the case in the light most favorable to the plaintiff, the answer of the garnishee disclosed the following facts: Irvine and others, on August 1st, 1885, entered into a contract among themselves to jointly buy certain lands with a view to the organization of a land corporation for the purpose of establishing and building a town on said lands through the sale of lots therein by the corporation

to third persons, &c. It was agreed between Irvine and his said associaties that each of them should subscribe for the stock of said corporation to the extent of five times the amount each had contributed toward the purchase of the land, and pay in full for such stock by a conveyance of the land to the proposed corporation at a price five times the amount paid for it by them. This agreement was in all respects executed and carried out. The land was purchased, the corporation was organized, each of the purchasers of the land subscribed for shares in the capital stock equal at their face or par value to five times the sum contributed by each to the purchase of the land, and each and all of these subscriptions were nominally fully paid by a conveyance of the land to the corporation at a valuation equalling the face value of the stock, and five times greater than the price paid for the land; and each of said parties had issued to him and received the shares thus subscribed for, fully paid in the manner stated according to the terms of said agreement, and also fully paid as between the subscribers and the corporation so far as they and the corporation were capable of affecting such a result. Irvine contributed five hundred dollars to the purchase of the land. He accordingly subscribed for twenty-five shares of the capital stock of the par value of one hundred dollars per share, or twenty-five hundred dollars. He, with the others associated with him, paid his subscription by uniting with them in the conveyance of the land to the corporation. He has never paid nor been called on by the corporation to pay anything further for this stock. The land at the time of the subscription to and issuance of these shares of stock was worth only the price paid for it by Irvine and associates. That was its value when it was conveyed to the corporation and, it may be conceded, has been its value ever since that time. So that in point of fact Irvine paid only five hundred dollars, or property worth only five hundred dollars, for twenty-five hundred dollars in the capital stock of the corporation. The corporation thus formed, and whose stock Irvine thus subscribed for and received in the sum of twenty-five hundred dollars in consideration or on payment of five hundred dollars only, was the Calera Land Company, the defendant in the judgment upon which this garnishment is pending.

[Nicrosi v. Irvine.]

On the theory that these facts showed that Irvine, the garnishee, was indebted to the defendant corporation for unpaid subscription to its capital in a sum equal to the difference between the money paid, or the value of the property delivered, by him on his subscription and the amount of the stock subscribed by, issued to and received by him, and upon the further theory that this was a demand of the defendant against the garnishee which could be subjected in this proceeding, the plaintiff moved for judgment against the garnishee on his answer. The court denied the motion, declined to enter judgment and discharged the garnishee. The present appeal presents this action of the trial court for review.

It is thoroughly well established law that, in the absence of fraud on the part of the debtor, or fraudulent collusion between him and the garnishee, only such money demands can be subjected by process of garnishment to the satisfaction of the plaintiff's judgment as the defendant in judgment could in his own name and right recover in an action of debt or *indebitatus assumpsit.* 1 Brick. Dig. 175, §§ 313, 314; 3 Brick. Dig. 524, §§ 6, 7, 8, 9; *Bank v. Miller,* 77 Ala. 168; *Teague, Barnett & Co. v. LeGrand,* 85 Ala. 493; *Archer v. People's Savings Bank,* 88 Ala. 249; *Craft & Co. v. Summersell,* 93 Ala. 430.

The only exception to this rule is that referred to above as resting on the fraud and collusion of the defendant and garnishee. Fraud within the meaning of this exception is that conduct on the part of a judgment debtor which is actuated by an intent, actual or constructive, to hinder, delay and defraud creditors, and whereby he disables himself to sue his debtor though the debt is not in fact satisfied. A familiar illustration is shown in an assignment by the debtor of a chose in action for his own benefit to a third person with a covinous purpose. In such case the judgment debtor could not maintain an action of debt or *indebitatus assumpsit* against the garnishee for he has estopped himself by the assignment, yet the chose being fraudulently held by the assignee for his benefit, and the debt being in reality due to him though he can not recover it in his own name, his creditor may subject it by garnishment to the payment of a judgment against him.—*Price v. Masterson,* 35 Ala. 483; *Alexander v. Pollock & Co.,* 72 Ala. 137.

[Nicrosi v. Irvine.]

This exception to the general rule has no place in the
case at bar, for there is no ground for the insistence that
the corporation failed in the first instance to secure a
right of action against Irvine through any covinous pur-
pose with respect to creditors, or any other character of
fraud, and it is clear that if the defendant corporation
ever had a right of recovery in debt or *indebitatus assump-
sit* against Irvine in respect of the difference between the
face value of the stock subscribed by and issued to him
and the value of the property he conveyed in considera-
tion thereof, it has that right of action now, and its de-
mand thus enforceable may in this proceeding be sub-
jected to plaintiff's judgment.   So that the sole question
is whether on the facts we have conceded to exist Irvine
could be coerced, by an action *ex contractu* at law, in the
name of the Calera Land Company and in its right, to
pay to said company said difference in values amounting
to two thousand dollars.   We think not.   With full
knowledge by all the parties of all the facts, the corpo-
ration agreed to issue and deliver twenty-five shares of
its capital stock of the nominal value of twenty-five hun-
dred dollars.   Irvine agreed to take and did take said twen-
ty-five shares.   The company agreed to receive as full
payment for these shares a conveyance by Irvine of spe-
cific property.   Irvine agreed to convey said property
and nothing else, nor to pay aught else in full payment.
He did convey it.   The corporation received it.   Each
party yielded and received all and precisely what each
had agreed to yield and receive.   Every obligation im-
ported by the contract as between the contracting parties
themselves has been discharged.   The contract as be-
tween them has been fully executed and performed.   If
it is to be treated as valid at law the corporation could
no more insist upon additional payment by Irvine than
Irvine could compel the issuance and delivery to him of
additional shares of its stock.   If by reason of constitu-
tional and statutory provisions the contract is to be con-
sidered as void at law, the case would stand upon the
naked fact that the parties, not constrained thereto by
any binding obligation, had exchanged certain property,
shares of stock on the one hand and land on the other,
and while the stock might be void in the hands of Irvine
and his conveyance voidable for the want of a consider-
ation, it is not possible to conceive that he would yet be

under a legal contractual obligation to deliver other property or pay money which was not even contemplated by the void contract—the only contract ever attempted or intended to be made between the parties.

The capital of a corporation is regarded as a trust fund for its creditors : and upon the theory that the difference between the face value of shares in such capital and the value of property which has been conveyed to the corporation for such shares at an over-valuation belongs to and constitutes in part such trust fund, a court of chancery will, at the instance of creditors, conserve the integrity of the fund by decreeing the payment of such difference by the subscriber.—*Elyton Land Co. v. Birmingham Warehouse & Elevator Co.*, 92 Ala. 407. But this right in the creditors is purely an equitable one and not enforceable at all at law, and enforceable in equity on the independent standing of creditors in relation to the capital stock, and not through any supposed legal or equitable right the corporation itself has to demand payment of such difference for its own benefit in any forum, for it has no such right.

There are some intimations and expressions in two or three cases decided by this court which are not in harmony with the foregoing views and our conclusions that garnishment is not plaintiff's remedy in this case because the judgment debtor could not have maintained debt or *indebitatus assumpsit* against the garnishee. Thus, in the case of *Parsons v. Joseph*, 92 Ala. 403, 407, it is said : "It may be, that stockholders, who knowingly and intentionally have subscribed and paid for stock with property upon a fictitious valuation, are liable as stockholders who have not paid up in full for their stock, within the meaning of the statute, to creditors who have not precluded themselves from maintaining the suit;" and in *Davis Bros. v. Montgomery Fur. & Chem. Co.*, 101 Ala. 127, it is said : "This court * * * has recently decided that a subscription for stock payable in property at a fictitious valuation, and which could not be enforced against the subscriber by the corporation in its own interest, because violative of Article XIV, § 6 of the constitution and section 1662 of the Code, is not void as against a creditor of the corporation.—*Elyton Land Co. v. Birmingham Warehouse & Elevator Co.*, 92 Ala. 407, *Parsons v. Joseph*, 92 Ala. 403." These expressions in

[Shrimpton & Son v. Brice & Donehoo.]

the first place were *dicta* in each of the cases in which they were employed. Moreover, in the *Parsons' Case* the expression was not affirmative at all, but a mere suggestion or *quaere* ; and in the *Davis' Case*, it was only intended by the language we have quoted to show that such subscriptions to stock were not void, and not that they imported a *legal* liability enforceable in respect of the over-valuation of property at the suit of the corporation against the subscriber ; and this is demonstrated by the fact that the court cited the *Elyton Land Company Case* as fully sustaining the proposition intended to be announced, and that case goes only in support of the doctrine that creditors of the corporation, on the theory that the subscribed capital is a trust fund, may proceed in equity against stockholders who have attempted payment of their subscriptions in property at a fictitious valuation.

The trial court properly discharged the garnishee, and its judgment is affirmed.

BRICKELL, C. J., not sitting.