# First National Bank v. Dimmick.

## Garnishment.

(Decided November 7, 1914. Rehearing denied December 17, 1914. 67 South. 309.)

1. Constitutional Law; Garnishment.—The provisions of sections 4301 and 4311, Code 1907, make distinct and permissible classifications of creditors, and are within the legislative power, and valid.

2. Same; Competency.—Where an act is within the legislative competency, the courts do not inquire into the wisdom of such act.

3. Corporations; Unpaid Subscriptions; Stockholder's Liability.— Where a plaintiff, under section 2972, Code 1886, issued garnishment in aid of judgment against a corporation to reach an unpaid subscription to the stock of the corporation, without having execution against the corporation returned "no property found," the plaintiff could not, by virtue of the provisions of section 4311, Code 1907, under the writ as issued, reach the garnishee's unpaid stock subscription, where the writ was issued before the enactment of section 4311, but the answer of the garnishee, was not made until after the enactment of section 4311, Code 1907, when considered in the light of the provisions of section 10, Code 1907.

4. Statutes; Adoption of Code; Effect of Existing Law.—In adopting the Code of 1907, the legislature had the power to declare, as it did by section 10 thereof, that the Code should not affect any existing right, remedy or defense, and that the laws in force at its adoption should continue in force and effect as to any existing right, remedy or defense.

5. Same; Retroactive Effect; Remedy.—Where a suit was instituted or a defense is interposed, which is at the time unauthorized by law, a subsequent statute giving such remedy does not operate on the existing suit or defense, especially when it does not provide that it shall so operate.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Action by the First National Bank of Montgomery against the Montgomery Iron Works, defendant, and J. W. Dimmick and others, garnishees. Judgment for the garnishee named, and plaintiff appeals. Affirmed.

Plaintiff recovered judgment against defendant and sued out garnishment in aid of the judgment to J. W. Dimmick, A. M. Baldwin, and G. W. Craig, on the theory that they were indebted to said defendant on stock subscriptions.

W. A. GUNTER, and ALEX TROY, for appellant.

TYSON, WILSON & MARTIN, and W. F. THETFORD, for appellee.

DE GRAFFENRIED, J.—(1) At the time the garnishment in this case was issued, there were three legislative provisions relative to the subject of garnishment, which are of interest here. These provisions were contained in the Code of 1886, and were as follows: "A garnishment may issue in aid of a pending suit, at any time before judgment, whether the summons has been executed or not; but if the suit be for the recovery of damages merely, or for the recovery of uncertain or unliquidated damages for a breach of contract, such garnishment must be issued only on the order of a judge of the circuit or city court, in which such suit is pending, after the plaintiff has made the special affidavit of the facts and circumstances of the case required by section 2934 (3257), and such judge or chancellor has prescribed the penalty of the bond to be given by the plaintiff; and in all cases the plaintiff, upon the issue of the garnishment, must give bond with sur-

ety, payable and with condition as in case of original attachments."—Code 1886, § 2968.

"Process of garnishment may issue on a judgment or decree on which execution can issue without bond or security, and may be sued out by the assignee of such judgment or decree."—Code 1886, § 2971.

"A judgment creditor of a corporation, having execution returned 'no property found,' may sue out a garnishment to reach and subject the unpaid subscription of any stockholder in such corporation, without giving bond or security."—Code 1886, § 2972.

The Legislature, in adopting the above three subdivisions of the Code, made distinct classifications of creditors and conferred upon each class separate and distinct methods of procedure for the enforcement of their debts against garnishee. The simple contract creditor who had not reduced his claim to judgment was, to obtain process of garnishment, required to do, as shown by the above sections, some things which a judgment creditor was not required to do, and a judgment creditor of a corporation, who had obtained the issuance of execution against the corporation with a return of nulla bona on the execution, was the only person who could sue out a garnishment to reach and subject the unpaid subscription of a stockholder of such corporation. Neither a simple contract creditor nor a judgment creditor, upon whose judgment an execution had not been issued with a return of nulla bona thereon, could reach, by garnishment, the unpaid subscription of a stockholder of a corporation. Garnishment, like attachment, is a statutory remedy, and the statutes which we have above quoted plainly show their meaning and the rights which they confer upon those who invoke their aid. Garnishment, as a rem-

edy for reaching the unpaid subscription of a stockholder of a corporation, was conferred by our Legislature only upon a judgment creditor who had, as we have already said, pursued the corporation to insolvency by having execution issued upon his judgment and returned, "No property found."

(2) We are not concerned with the wisdom of the Legislature in passing this law. The act was within legislative competency, and was valid.—*State v. Alabama Fuel & Iron Co.*, 188 Ala. 487, 66 South. 169.

The issuance, with the return of an execution, "nulla bona," was, when this garnishment was issued, jurisdictional, and constituted a necessary prerequisite to the subjection by process of garnishment of the unpaid subscription of a stockholder in a corporation, and this, because the Legislature declared that it should be so.

(3) 1. Undoubtedly, when the garnishment in this case was issued, the plaintiff was entitled to sue out a writ of garnishment against the garnishee. The statute conferred upon the plaintiff that right, but at that time—the time when the garnishment was issued—the plaintiff had no right, in this garnishment proceeding, to subject the unpaid subscription of the garnishee to the capital stock of the defendant corporation; and this, for the simple reason that it had not, in accordance with the statute, pursued the corporation to insolvency by having an execution issued against it and returned, "No property found."—*Bingham v. Rushing,* 5 Ala. 403; *Vaughn v. Alabama National Bank,* 143 Ala. 572, 42 South. 64, 5 Ann. Cas. 665.

2. Without pursuing the history of the above-quoted sections of the Code of 1886, it is sufficient for us to say, in so far as this case is concerned, that the Code of 1907 (see Code of 1907, § 4311) permits any cred-

itor of a corporation, by process of garnishment, to subject to the payment of his debt an unpaid subscription to the capital stock of a corporation. This section and change in our statutory system went into effect after process of garnishment had issued in this case, but before the garnishee filed his answer. The question is: Can the plaintiff, in this garnishment proceeding, instituted before the change in our statutory system, take advantage of the change and subject the unpaid subscription of the present garnishee although he had not, when the garnishment was issued, complied with the terms of our then statute by having an execution issued against the corporation and a return thereon of "nulla bona." This is the sole question presented by this record, and the question with us is: Can we, in view of our previous decisions on the subject of garnishment, and of section 10 of the Code of 1907, which declares that "this Code shall not affect any existing right, remedy or defense nor shall it affect any prosecution now commenced or which shall be commenced for any offense already committed. As to all such cases the laws in force at the adoption of this Code shall continue in force," so amplify this remedy as to bring the plaintiff within the operation of the above provision of the Code of 1907.

(4) The Legislature, in adopting the Code, had the right to declare that its adoption should not affect any existing right, remedy, or defense, and if, in so declaring, this court has been shorn of the power to extend the operation of the statute—although the statute is merely remedial and, in the due administration of justice, should be extended—we must declare the law as it is in our books, and not as we would otherwise have it to be. When, in the administration of justice, courts can, even by laying aside more technical considerations,

so broaden a remedy as to advance the cause of justice, they should unhesitatingly do so; but courts have no right to effectuate even a purpose which addresses itself to the favorable consideration of the wise and just, to strike from the laws a valid statute which expresses the legislative will. While it was the purpose of the Legislature, in adopting the Code of 1907, to repeal some of the previous statutes and to nullify the effect of some of the decisions of this court in construing those statutes (see *Nicrosi v. Irvine,* 102 Ala. 648, 15 South. 429, 48 Am. St. Rep. 92), it nevertheless had the authority, as we have already stated, to declare that the repeal of the provisions of the statutes and the nullification of the effect of the decisions of this court pronounced upon those statutes should not affect causes already pending; and this legislative purpose section 10 of the Code of 1907 was intended to accomplish, and in fact accomplished.—*Roberts v. Pippen,* 75 Ala. 103; *Wetzler v. Kelly,* 83 Ala. 440, 3 South. 747.

When this garnishment was issued, the plaintiff had no case against the garnishee, because he had failed, before he sued out his writ, to have an execution, with a return of nulla bona, issued against the corporation. The intention of section 10 of the Code of 1907 was to keep the provisions of that Code from giving life to that which, when the Code was adopted, had no life.

(5) "When a suit is instituted, or a defense is interposed, which is at the time unauthorized by the law, a subsequent statute giving such remedy does not operate on the existing suit, especially when it does not provide it shall so operate."—*Wetzler v. Kelly,* 83 Ala 440, 3 South. 747.

When the plaintiff sued out his writ of garnishment in this case, he, in fact, commenced a suit against the garnishee, and the laws of the state which then fixed

his rights of recovery were well defined by statute and decision. He had no right then to recover that which he now seeks—by virtue of the subsequent change in the language of the statute—to recover of the garnishee. He then had not the substantive right which he now seeks to assert. This, under section 10 of the Code of 1907, he cannot be permitted to do.—*Wetzler v. Kellly, supra.*

3. The opinion in *Nicrosi v. Irvine, supra,* disposes of the other questions presented in briefs of counsel adversely to appellant.—*Bingham v. Rushing, supra.* The following other cases, cited in briefs of appellee, also sustain the propositions announced in *Nicrosi v. Irvine, supra,* viz.: *Teague v. LeGrand,* 85 Ala. 439, 5 South. 287, 7 Am. St. Rep. 64; *Feore v. Miss. Trans. Co. (A. Berg, Garnishee),* 161 Ala. 567, 49 South. 871.

Further discussion of this case would simply result in the needless republication of what was said by this court in the cases above cited, and we deem it therefore unnecessary to further extend this opinion.

The judgment of the trial court was in accordance with the above views, and the judgment is affirmed.

Affirmed.

McClellan, Sayre, and Gardner, JJ., concur.