168 So. 893

## CHAMBERS v. BIRMINGHAM TRUST & SAVINGS CO.

### 6 Div. 837.

Supreme Court of Alabama.

May 21, 1936.

Rehearing Denied June 25, 1936.

Stephen B. Coleman, Erle Pettus, and Erle Pettus, Jr., all of Birmingham, for appellant.

610

Smyer, Smyer & Bainbridge, of Birmingham, for appellee.

THOMAS, Justice.

The suit was against the trustee for the alleged breach of a trust agreement under which real properties were conveyed and administered and monthly disbursements of personal properties required to be made for the benefit of the cestui que trustent.

The complaint contained counts ex contractu and ex delicto as originally drawn and as amended. We will only pass upon the sustaining of demurrers to counts ex delicto of the complaint. The other questions assigned as error are believed to be best deferred for consideration upon another trial.

In Adler v. Miller, 218 Ala. 674, 120 So. 153, the rule for testing the nature of counts, whether ex contractu or ex delicto, is: If the cause of action declared in the pleading arises from a breach of promise, it is ex contractu, and if the action arises from a breach of duty growing out of the contract, it is in form ex delicto and case. Lacey v. Deaton, 228 Ala. 368, 153 So. 650; City of Mobile v. McClure, 221 Ala. 51, 127 So. 832; Brown v. Fogarty, 221 Ala. 283, 128 So. 376; W. B. Davis & Son v. Ruple, 222 Ala. 52, 130 So. 772; 68 A.L. R. 1196, note.

Counts 1, 3, A and B, as amended, were held by the trial court to be ex delicto and demurrers directed thereto were sustained; counts 2 and 4, as amended, held ex contractu and demurrers directed thereto overruled.

In Mobile Life Insurance Co. v. Randall, 74 Ala. 170, Judge Stone states the distinction between actions ex contractu and ex delicto. This has been adhered to in this jurisdiction. Adler v. Miller, supra.

We find reversible error in sustaining the demurrers to the several counts in nature ex delicto. The facts are stated which show that the duty grew out of the contract and the breach thereof, and which gave rise to the damages sought to be recovered—for negligent or intentional disregard of the duties which the law implied from the averred conditions and attendant circumstances growing out of the contract relations, proximately resulting in the injury by reason of the breach of such contract duty. Brasher v. First National Bank of Birmingham (Ala.Sup.) 168 So. 42;[1] Bentley-Beale, Inc., v. Wesson Oil & Snowdrift Sales Co., 231 Ala. 562, 165 So. 830; Sovereign Camp, W.O.W. v. Feltman, 226 Ala. 390, 147 So. 396; Louisville & N. R. Co. v. Robinson, 213 Ala. 522, 105 So. 874.

The case should be retried on the several issues we have indicated and sought to be presented by the pleading.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

[1] Ante, p. 340.