97 So.2d 555

Sam D. LASSETER, Jr.

v.

Marzell P. LASSETER.

7 Div. 375.

Supreme Court of Alabama.

Oct. 24, 1957.

460

Roy D. McCord, L. D. Martin and Roberts & Orme, Gadsden, for appellant.

Hawkins & Rhea, Gadsden, for appellee.

MERRILL, Justice.

Appellant filed a bill against appellee, his wife, for divorce. She filed a cross-bill seeking custody of their three minor children and support and maintenance for herself and the children. The final decree denied the divorce, awarded custody of the children to appellee and fixed the amount of support and maintenance at $230 per month.

Appellant failed to pay the sum awarded and garnishment proceedings were instituted against City of Gadsden, appellant's employer, as garnishee. Appellant is one of the City Commissioners of Gadsden. The City filed an answer showing appellant's salary to be $500 per month. A motion to dismiss the garnishment on the ground that appellant's salary was not subject to garnishment was denied. The appeal is from this judgment, which was a

final judgment from which an appeal would lie. Callaway v. Security Loan Corp., 249 Ala. 81, 29 So.2d 567; Rayford v. Faulk, 154 Ala. 285, 45 So. 714.

The question to be decided is whether the salary paid to appellant is subject to garnishment on a judgment or decree rendered for support of appellant's wife and children.

Appellant cites Tit. 7, § 1035, Code 1940, which provides:

"The salary herein referred to is not subject to a writ of garnishment in aid of a pending suit, but such writ may issue only after final judgment or decree, on which execution can issue, rendered in actions on contracts, or growing out of contracts express or implied, and being judgments ex contractu. The judgment on which such writ can issue, must be founded upon a debt, demand or claim against said defendant, which originated subsequent to the twenty-sixth day of September, 1923, and the salary herein referred to is not subject to writ of garnishment issued on judgments ex delicto."

He insists that "the judgment on which the garnishment was issued was not a judgment rendered on a contract and was therefore not an ex contractu judgment."

A decree for alimony and attorney's fees is not a "debt contracted" within the meaning of our Constitution and statutes. Littleton v. Littleton, 224 Ala. 103, 139 So. 335; Horan v. Horan, 259 Ala. 117, 65 So. 2d 486; Coon v. Coon, 264 Ala. 127, 85 So.2d 430; and "as related to exemptions, the demand is in tort and not ex contractu." Rogers v. Rogers, 215 Ala. 259, 110 So. 140, 142.

The plain and unambiguous language of § 1035, supra, exempts the salary of the public official from garnishment issued on judgments ex delicto. We are constrained to hold, therefore, that the salary of appellant is not subject to the writ of garnishment, since the decree for support and maintenance "is in tort and not ex contractu."

The duty of a husband to provide for his wife and children is a public and moral duty, as well as a duty by contract. Clisby v. Clisby, 160 Ala. 572, 49 So. 445; Miles v. Miles, 211 Ala. 26, 99 So. 187. But the clear provisions of § 1035, supra, exempt appellant's salary from the writ of garnishment issued in this cause. The result reached in the instant case is not that which we would have desired, but the remedy must lie with the Legislature, not with the courts.

Application in the form of a motion is made to us for allowance of an attorney's fee for representation of appellee on this appeal. The motion must be denied because "the allowance of a solicitor's fee is not appropriate in a proceeding looking to the enforcement of an award already made." Jordan v. Jordan, ante, p. 386, 96 So.2d 809, 812.

The decree denying the motion to dismiss the writ of garnishment is reversed and one is here rendered dismissing the writ.

Motion for attorney's fee denied.

Reversed and rendered.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.