This is a divorce case. We affirm.
The first issue is whether a separation agreement in contemplation of divorce is binding upon the court in entering its judgment in an action for divorce between the parties thereto.
The answer to the issue is "No." The matter of alimony allowance in favor of the wife is a matter addressed to the discretion of the court. Pope v. Pope, 268 Ala. 513,109 So.2d 521 (1958). The court is not bound by an agreement of the parties, but may adopt or reject such parts of it as it may deem proper from the situation of the parties as shown by the evidence. Williams v. Williams, 261 Ala. 328, 74 So.2d 582
(1954).
There was an agreement as to a division of property and payment of alimony to the wife by the husband in the event of a divorce. The trial court after hearing the evidence determined that the agreement was not binding upon the court and rejected the agreement as to payment of alimony. The court further held the agreement void because it found a clause therein contrary to public policy. The finding that the agreement was not binding was a proper exercise of discretion. The second finding that the agreement was void was unnecessary and was mere surplusage.
The court granted the divorce upon the ground of incompatibility. The husband had brought the action on the grounds of incompatibility and adultery. The wife complains of error because there was evidence of condonation. We find no basis for the charged error. Whether the evidence supported a plea of condonation of adultery is of no concern and the matter became moot when the court granted a divorce upon the ground of incompatibility and not upon adultery. The evidence supported a divorce upon that ground. Whether there was evidence or lack of evidence to support the ground of adultery is of no concern in this instance. Gamble v. Gamble, 53 Ala. App. 168,298 So.2d 254 (1974); cert. denied, 292 Ala. 721, 298 So.2d 260 (1974).
The third issue is that the trial court abused its discretion in the benefits awarded the wife. She charges they are inadequate and contrary to the weight of the evidence. Neither the ground of inadequacy nor that of contrariness to the weight of the evidence are sufficient to require reversal. We have already said that whether an award is made and the amount thereof are matters for the exercise of judicial discretion. It is our duty to presume that discretion was properly exercised when brought to us on appeal. To overcome that presumption, mere inadequacy and weight of the evidence are not sufficient. The judgment must be so without support in the evidence as to constitute a clear, palpable and arbitrary abuse of discretion.Mullins v. Mullins, 344 So.2d 511 (Ala.Civ.App. 1977), cert.denied, 344 So.2d 515 (Ala. 1977). When considered in light of a marriage of only one and one-half years, with no children, between a wife of age twenty-three and a husband of age forty-five, we are unable to find such abuse.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 866