The wife sought to enforce certain provisions of an agreement pertaining to a divorce. The trial court determined the relevant provisions of the agreement had not been incorporated in the divorce decree and denied the relief sought.
The wife appeals and we affirm.
The sole issue on appeal is whether the pertinent provisions of the agreement were adopted and incorporated into the divorce decree. As indicated, we find they were not, and affirm.
The record in pertinent part reveals the following facts. On August 30, 1965, appellant and appellee, then husband and wife, entered an agreement in contemplation of an immediate divorce. The agreement detailed certain property settlement issues concerning debts and stocks. The agreement also said that based upon the representations in the agreement the wife "has not petitioned for any alimony and/or child support in this divorce proceeding. . . ." According to this section of the agreement, once the husband had paid off the indebtedness, he "agrees to pay as child support and/or alimony one-third of his gross annual income as established by a certified copy of his Federal income tax return. . . ." On that same day, the wife filed a Bill of Complaint seeking a divorce. Among the relief sought in the complaint, appellant asked:
 "That your Honor will ratify and approve the property settlement agreement heretofore made between complainant [wife] and respondent [husband] and will adopt the same as a part of the decree entered herein. Further, that the matter of support and/or alimony from respondent to complainant for complainant and the minor children of complainant and respondent be and the same hereby is left open for the further order of this Court."
In a deposition of appellant taken on that same day, she stated:
 "Under the terms of the foregoing property settlement agreement, the respondent [husband] will apply over one-half of respondent's present total annual income [to repayment of debt], and it would, therefore, be impossible for respondent to pay additional sums by way of child support or alimony at this time. I presently have sufficient annual income to care for myself and our children at this time. I would ask that the Court leave *Page 603 
the matter of child support and alimony open so that in the event the annual income of respondent sufficiently increases or the needs of our four children increase that this Court could take these matters into consideration in requiring the respondent to pay additional sums by way of support and/or alimony."
In the final decree, filed August 31, 1965, the court wrote:
 "It is further ordered, adjudged and decreed that the property settlement agreement between complainant and respondent filed in this cause be and the same is hereby approved,. . . .
 "This Court makes no present order requiring respondent to pay alimony and/or support for his wife or support of any of his four said minor children in view of the support agreement between complainant and respondent. . . ."
On May 14, 1980, the wife filed a "Petition for Rule to Show Cause and for Enforcement of Decree" and claimed appellee failed to pay child support and alimony according to the terms of the 1965 agreement. On April 19, 1982, the trial judge found the divorce decree did not incorporate provisions of the agreement which related to alimony and support. The trial judge noted that the most basic question was whether the final decree contained an order for the husband to pay the wife any alimony or support because without such an order the trial court could not exercise its power to hold the husband in contempt.
The wife, arguing in brief through able counsel, contends there was such an order for alimony and support. She argues it was the intent of the parties to incorporate the entire agreement including the support and alimony provisions; that the approved property settlement agreement included the child support and alimony provisions, and therefore the trial court's "approval" of the property settlement was effective to incorporate the entire agreement. Yet appellant herself at earlier stages in litigation made a distinction between portions of the agreement which dealt with property settlement matters and those dealing with support and alimony. Both her complaint and her deposition ask for separate treatment of the property settlement provisions and child support and alimony provisions. The agreement itself states the appellant "has not petitioned for any alimony and/or child support in the divorce proceeding. . . ."
We note that a separation agreement in contemplation of divorce is not binding upon the court entering its judgment on the divorce. Baumler v. Baumler, 368 So.2d 864 (Ala.Civ.App. 1979). The court is not bound by such an agreement of the parties, and may reject or adopt such parts of it as it may deem proper from the situation of the parties. Baumler v.Baumler, supra.
Furthermore, divorce decrees are to be construed like other written instruments, and, if there is any uncertainty, the court must construe them so as to express the intent of the parties. Such intent can be derived from the provisions of the agreement. Horsley v. Horsley, 390 So.2d 1058 (Ala.Civ.App. 1980), cert. denied, 390 So.2d 1060 (Ala. 1980).
The trial judge construing the decree in this case could have found the decree expressed the parties' intent in making "no present order requiring respondent to pay alimony and/or support" since the wife's complaint asked that the matter of support and alimony be left open. However, the trial judge found an apparent ambiguity in the decree, and looked to the record to determine intent. Where the decree does not clearly express the exact determination of the court, reference may be had to pleadings and other proceedings to which it refers, and it should be interpreted in light of the pleadings and the entire record. Horsley v. Horsley, supra; Reeder v. Reeder,356 So.2d 202 (Ala.Civ.App. 1978). As previously indicated, the record indicates the wife's intent initially was not to incorporate the provisions concerning support and alimony.
Furthermore, as the trial court noted, even if the agreement had been incorporated in the decree, the decree itself supersedes it. Knight v. Knight, 409 So.2d 432 (Ala.Civ.App. 1982). The language of the decree which controls expressly states the *Page 604 
court "makes no present order requiring alimony and/or support. . . ."
In finding appellant's "Petition for Rule to Show Cause and for Enforcement of Decree" was not well taken, the learned trial judge did note appellant's possible remedies include a suit on the underlying contract and/or an action seeking to modify the court decree.[1]
Whether the property settlement agreement concerning repayment of debts and stocks was incorporated into the decree by the trial judge's "approval" is irrelevant to the issue at hand. Provisions in the agreement which dealt with support and alimony were not approved by the trial court, appellant herself initially distinguished the support and alimony provisions from the property settlements, and the decree clearly stated that the matters of alimony and support were left open. Therefore, the judgment of the trial judge is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] Appellant has brought an action in the United States District Court, CV-82-G-1543-W, against her ex-husband alleging breach of the agreement.