L. CHARLES WRIGHT, Retired Appellate Judge.
Elsie McGrady (the wife) petitioned for a writ of garnishment against William McGrady (the husband) to collect attorney fees which had been awarded to her in a prior modification of divorce proceeding. The Jefferson County Board of Education, the husband’s employer, was garnishee. The Board of Education did not file an answer. The husband filed a motion to quash on the grounds that his salary was not subject to garnishment. The motion was denied. The husband appeals.
I
Section 6-6-481, Ala.Code (1975), allows garnishment of “[mjoney due officials or employees of a city, county or state government, or any department or institution thereof, as salary for services performed....” The garnishment is limited by § 6-6-482 in the following manner:
"The salary referred to in this division is not subject to a writ of garnishment in aid of a pending action, but such writ may issue only after final judgment, on which execution can issue, entered in actions on contracts or growing out of contracts express or implied and being judgments ex contractu. The judgment on which such writ can issue must be founded upon a debt, demand or claim against said defendant which originated subsequent to September 26,1923. The salary referred to in this division is not subject to writ of garnishment issued on judgments ex delicto.”
The husband asserts that § 6-6-482 specifically exempts his salary from garnishment in this instance because the judgment on which the garnishment was issued was not an ex contractu judgment.
“A decree for alimony and attorney’s fees is not a ‘debt contracted’ within the meaning of our Constitution and statutes ... and ‘as related to exemptions, the demand is in tort and not ex contractu.’ ” Lasseter v. Lasseter, 266 Ala. 459, 461, 97 So.2d 555, 557 (1957) (citations omitted).
The language of § 6-6-482 is clear and unambiguous. A public employee’s salary is exempt from garnishment issued on judgments ex delicto. Knight v. Knight, 409 So.2d 432 (Ala.Civ.App.1982). We find the trial court erred in denying the husband’s motion to quash the writ of garnishment.
II
The wife argues that the husband had no standing or capacity to properly bring before the trial court a motion to quash garnishment.
We have reviewed the record and find that this issue was not raised before the trial court. “An objection that defendant, not being a party to the garnishment proceedings, has no standing in court to make a motion to discharge the garnishee is waived when not seasonably interposed.” 38 C.J.S. Garnishment, § 268 (1943), citing Murphree v. City of Mobile, 108 Ala. 663, 18 So. 740 (1895). The objection to the husband’s standing has been waived. Rule 12(h), .Alabama Rules of Civil Procedure. The wife cannot now raise this issue for the first time on appeal.
*96 Both parties have made application in the form of a motion for the award of attorney’s fees. The award of attorney’s fees is not appropriate in a proceeding to enforce an award already made. Lasseter, 266 Ala. 459, 97 So.2d 555. The motions are denied.
This case is remanded to the trial court with instructions that the writ of garnishment be dismissed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.