T.C. Summary Opinion 2008-34

UNITED STATES TAX COURT

MICHAEL ARTAYET, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25328-06S.          Filed April 7, 2008.

Michael Artayet, pro se.

<u>Innessa Glaszman-Molot</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice
and Procedure.

Respondent denied petitioner's dependency exemption
deduction and child tax credit, determining a $1,717 deficiency
in petitioner's 2004 Federal income tax.  The issue for decision
is whether petitioner is entitled to claim a dependency exemption
deduction for his minor child, A.A.[1]

### Background

Some of the facts have been stipulated and are so found.
The stipulation of facts and the exhibits received into evidence
are incorporated herein by reference.  At the time the petition
was filed, petitioner resided in Virginia.

Petitioner and his former spouse divorced in 1997.  The
marriage produced two daughters, A.A. and C.A.  During
petitioner's divorce proceedings, the "District Court of * * *
County" issued an order (1995 order) that provided that
petitioner and his former spouse were each entitled to claim one
child as a dependent for income tax purposes.  The 1995 order was
superseded by a "Final Decree of Divorce" in 1997 (1997 divorce

---

[1] Respondent disallowed the $1,000 child tax credit claimed
by petitioner.  The issue of whether petitioner is entitled to
claim the credit was not argued by the parties.  The resolution
of that issue will be resolved by the Court's decision as to
petitioner's entitlement to claim a dependency exemption
deduction for A.A.  A taxpayer is ineligible to claim a child tax
credit unless he is entitled to claim a dependency exemption
deduction for a child.  See sec. 24(a), (c)(1)(A).

decree). The 1997 divorce decree provides that petitioner and his former spouse were to have joint legal custody. Petitioner's former spouse was awarded physical custody, and petitioner was entitled to visitation rights; i.e., alternating weekends, certain holidays, school vacations, and 3 weeks during the summer. The 1997 divorce decree did not specify who was entitled to claim the children as dependents for tax purposes.

For 2004 petitioner filed a Form 1040, U.S. Individual Income Tax Return. Petitioner claimed a dependency exemption deduction for A.A. and a $1,000 child tax credit. Petitioner did not attach Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or its equivalent to his Form 1040.

For 2004 A.A. received $2,408.94 as compensation for services. A.A. filed a Form 1040 and did not claim a personal exemption deduction for herself.

## Discussion

### Burden of Proof

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden to prove that the determinations are in error. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). But the burden of proof on factual issues that affect the taxpayer's tax liability may be shifted to the Commissioner where the "taxpayer introduces

credible evidence with respect to * * * such issue." See sec. 7491(a)(1). Petitioner has not alleged that section 7491(a) applies; however, the Court need not decide whether the burden shifted to respondent pursuant to section 7491(a) since the Court's analysis is based on the record before it and not on who bears the burden of proof.

Dependency Exemption Deduction

Respondent urges the Court to sustain the disallowance of petitioner's dependency exemption deduction since petitioner was not A.A.'s custodial parent and he did not attach Form 8332 or its equivalent to his Form 1040 as required by section 152(e)(2) and section 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

In pertinent part, section 151(c) allows a taxpayer to claim as a deduction the exemption amount for each "dependent" who is the taxpayer's child and satisfies certain age requirements, sec. 151(c)(1)(B), or whose gross income for the calendar year in which the taxpayer's taxable year begins is less than the personal exemption amount, sec. 151(c)(1)(A). The term "dependent" is defined to include a taxpayer's daughter over half of whose support for the calendar year in which the taxable year of the taxpayer begins was received from the taxpayer or is treated as received from the taxpayer under section 152(c) or (e). See sec. 152(a)(1).

A.A.'s gross income was less than the $3,100 personal exemption amount, see Rev. Proc. 2003-85, sec. 3.16, 2003-2 C.B. 1184, 1188; thus, A.A. is not excepted from the definition of a dependent by section 151(c)(1)(A). A.A. was 16 years old at the close of the 2004 calendar year; thus, A.A. is not excepted from the definition of a dependent by section 151(c)(1)(B). A.A.'s status as petitioner's dependent and petitioner's entitlement to the dependency exemption deduction hinge on section 152(a) and (e), which limits the dependency exemption deduction in the case of divorced, or otherwise separated, parents.

In pertinent part, section 152(e)(1) sets forth the following general rule: if the child received over half of her support during the calendar year from her divorced parents and the child is in the custody of one or both parents for more than one-half of the calendar year, then the child is treated as receiving over half of her support during the calendar year from the parent having custody for the greater portion of the calendar year (the custodial parent).[2] Custody is determined by the most recent divorce decree or other written instrument. See sec. 1.152-4(b), Income Tax Regs. If custody is split, then custody

---

[2] The exceptions in sec. 152(e)(3) and (4) do not apply. There was no multiple support agreement as defined in sec. 152(c); and since the divorce decree was issued in 1997, there is no pre-1985 instrument. Thus, petitioner is entitled to the dependency exemption deduction only if the requirements of sec. 152(e)(2) are met.

is deemed to be with the parent who has physical custody for the greater portion of the calendar year.  See id.

Section 152(e)(2) provides an exception to the general rule of section 152(e)(1):  if the custodial parent signs a written declaration that he will not claim the child as a dependent and the noncustodial parent attaches the written declaration to his return for the taxable year, then the noncustodial parent is entitled to the dependency exemption deduction.  For purposes of section 152(e)(2), the term "noncustodial parent" means the parent who is not the custodial parent.  Sec. 152(e)(2).

In order for the noncustodial parent to claim the dependency exemption deduction, section 152(e)(2) clearly requires the custodial parent to release the dependency exemption deduction by signing a written declaration to that effect.  See Miller v. Commissioner, 114 T.C. 184, 195 (2000); see also sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra (stating that a noncustodial parent may claim the dependency exemption deduction only if the noncustodial parent attaches to his Federal income tax return for the year of the exemption a written declaration from the custodial parent stating that he will not claim the child as a dependent).  The written declaration may be made on a form provided by the IRS or a document that conforms to its substance.  See Miller v. Commissioner, supra at 190-191 (citing section 1.152-4T(a), Q&A-3, Temporary Income Tax Regs.,

supra); see also <u>Neal v. Commissioner</u>, T.C. Memo. 1999-97.  The written declaration is embodied in Form 8332, which incorporates the requirements of section 152(e)(2).  See <u>Miller v. Commissioner</u>, <u>supra</u> at 191.[3]

Petitioner and his former spouse share joint legal custody of their children, while the former spouse was awarded physical custody.  Petitioner was entitled to visitation rights for limited periods.  Because petitioner's former spouse had physical custody of A.A. for the greater portion of the calendar year, the former spouse is the "custodial parent" as defined in section 152(e)(1).  Because petitioner, the noncustodial parent, did not attach Form 8332 or its equivalent to his Form 1040, he is not entitled to the dependency exemption deduction.

Petitioner argues, however, that he is entitled to claim the dependency exemption deduction for A.A. pursuant to the 1995 order.  Petitioner is attempting to create an ambiguity in the 1997 divorce decree by referencing the provisions of the 1995 order.  But as a general rule, if a decree on its face is capable of being given a certain meaning or interpretation, then it is not ambiguous.  See, e.g., <u>Sun Oil Co. v. Madeley</u>, 626 S.W.2d

---

[3] Form 8332 requires the following:  (1) Names of the children and the years for which the exemption claims are released; (2) custodial parent's signature, the date thereof, and his Social Security number; and (3) noncustodial parent's name and Social Security number.  See <u>Miller v. Commissioner</u>, 114 T.C. 184, 190 (2000).

726, 732 (Tex. 1981). And a reviewing court cannot look outside the four corners of an unambiguous decree to determine the issuing court's intent. See, e.g., Bruni v. Bruni, 927 S.W.2d 636 (Tex. App. 1995), revd. on other grounds 924 S.W.2d 366 (Tex. 1996); see also Magness v. McEntire, 808 S.W.2d 783, 784-785 (Ark. 1991) (stating that the determinative factor is the intent of the court).

Petitioner asserts further that the 1997 divorce decree, which is silent on the issue of his entitlement to the dependency exemption deduction, does not supersede the 1995 order. But as the later-in-time document, the 1997 divorce decree supersedes the 1995 order. Cf. Satterfield v. Satterfield, 419 So. 2d 601, 603 (Ala. Civ. App. 1982) (stating that a final divorce decree superseded a separation agreement even if the agreement's terms were incorporated into the decree); Gloth v. Gloth, 153 S.E 879, 882 (Va. 1930) (divorce decree superseded contract between parties relating to support and maintenance). Thus, petitioner's argument is without merit.

In any event, whether the instruments are ambiguous and whether the 1995 order are superseded by the 1997 divorce decree is irrelevant for the purposes of this proceeding. The Court has stated that the mere fact that a State court granted the taxpayer the right to claim the dependency exemption deduction is immaterial because a State court cannot determine issues of

Federal tax law.  See <u>Miller v. Commissioner</u>, <u>supra</u> at 196 (and cases cited threat).[4]  Accordingly, respondent's determination is sustained.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.

---

[4]  The proper forum to resolve the issue as to petitioner's entitlement to claim the dependency exemption deduction pursuant to the 1995 order or the 1997 divorce decree is a Virginia State court where he can seek an interpretation of those instruments as well as orders requiring the former spouse to sign Form 8332 or its equivalent.