ROBERT P. BRADLEY, Retired Appellate Judge.
This appeal is from a judgment quashing a garnishment filed in an effort to collect a child support arrearage judgment.
The parties’ divorce decree in 1978 awarded the wife child support in the amount of $70 every two weeks. In 1987 the trial court adjudged the father to be $23,299.80 in arrears in child support payments and ordered him to pay $80 bi-weekly toward the reduction of the arrearage. In July 1988 the mother petitioned the court to garnishee fifty percent of the father’s disposable earnings for the satisfaction of the arrearage judgment. After a hearing the court quashed the garnishment request, and the mother appeals the order to this court.
The facts show that in 1987 the father was found to be in arrears in child support in the amount of $23,299.80. At this time the court entered a wage withholding order for $80 bi-weekly to be withheld from the father’s wages and applied to the reduction of the child support arrearage. The father’s earnings at this time were over $600 bi-weekly. The $80 bi-weekly amount, plus $70 bi-weekly, which is the amount of current support, or a total of $150 bi-weekly, was being withheld from the father’s wages by his employers at the time the garnishment was filed requesting fifty percent of the father’s disposable income. At the time of the garnishment hearing, the father’s net bi-weekly earnings were about $575.
The father requested the trial court to quash the garnishment because it posed an unfair and inequitable burden on him since he was presently required to pay $80 biweekly toward the reduction of the arrear-age.
The trial court held that the garnishment request could not be granted pursuant to 15 U.S.C.A. § 1673(b)(2) (West 1982). The court did hold that section 6-10-7, Code 1975, permitted the imposition of garnishment proceedings to collect a child support arrearage judgment in addition to the wage withholding provisions of section 30-3-67, Code 1975. The garnishment request for fifty percent of the father’s disposable earnings was quashed.
The mother argues on appeal that 15 U.S.C.A. § 1673 authorizes her to garnishee fifty percent of her former husband’s wages to satisfy the child support arrearage and that section 6-10-7, Code 1975, has no application to a garnishment proceeding to enforce a child support judgment. She also argues that the provisions of sections 30-3-60 through 30-3-71, Code 1975, authorized a garnishment of fifty-percent of the father’s income to be awarded.
In Act 84-445, Ala. Acts 1984, the legislature authorized a method for withholding money from a parent’s income to satisfy a child support judgment. §§ 30-3-60 through 30-3-71, Code 1975. In section 30-3-67 the legislature provided that any withholding order entered pursuant to this statute shall have priority over any writ of garnishment or other legal process issued against the same income of the obligor. Section 30-3-67 further provides that:
“Any order for income withholding issued pursuant to this article may exceed the statutory maximum amounts pre *813 scribed in section 6-10-7 for garnishment proceedings in Alabama, but such order, including amounts taxed against the obli-gor as court costs, may not exceed the maximum statutory amounts prescribed under federal law for garnishments issued to enforce support obligations. Provided, if an obligor’s income is subject to more than one withholding order or a current writ of garnishment for child support and a withholding order, the total amounts withheld may not exceed the statutory máximums herein prescribed. ...”
Section 1673(b)(2), 15 U.S.C.A. (West 1982), provides that a maximum range of fifty percent to sixty-five percent of an individual’s disposable earnings shall be subject to garnishment to enforce a child support order.
There was in effect at the time the garnishment proceedings were filed a wage withholding order for $80 bi-weekly to be withheld from the father’s wages to be applied to the arrearage and $70 bi-weekly to be withheld for current support. However, the mother did not request a new withholding order or a modification of the existing withholding order; instead, she requested garnishment proceedings pursuant to section 6-10-7, Code 1975.
Alabama law, i.e. section 6-10-7, Code 1975, provides that the amount of a person’s disposable earnings that can be garnisheed is limited to twenty-five percent of those earnings. The Federal Consumer Credit Protection Act (15 U.S.C.A. §§ 1671-1677 (West 1982)) provides that the maximum amount of a person’s earnings that may be garnisheed is twenty-five percent of “disposable earnings,” i.e. after-tax earnings, except when a child support order is being enforced by garnishment proceedings. In a garnishment proceeding for child support, the maximum amount of a person’s earnings that can be garnisheed ranges from fifty percent to sixty-five percent of that person’s disposable earnings, depending on the factors set out in section 1673 of said act.
Section 1677 of said act provides:
“§ 1677. Effect on State laws
“This subchapter does not annul, alter, or affect, or exempt any person from complying with, the laws of any State
“(1) prohibiting garnishments or providing for more limited garnishments than are allowed under this sub-chapter. ...”
In Anderson v. Anderson, 285 Md. 515, 404 A.2d 275 (1979), the Court of Appeals of Maryland said that:
“This section [section 1677 of the Consumer Protection Act] has been uniformly interpreted by the courts as setting forth the rule that where a state and the federal government have both enacted provisions which limit garnishment of wages, the statute which protects a greater amount of a debtor’s earnings from garnishment will be controlling. Federal law will only preempt state law where the latter allows a greater amount of a debtor’s earnings to be reached than does federal law, thus frustrating the purposes of the Consumer Credit Protection Act.” Anderson, supra (citations omitted).
Recovery by garnishment of a child support judgment pursuant to section 6-10-7, Code 1975, is authorized in Alabama. See, Lasseter v. Lasseter, 266 Ala. 459, 97 So.2d 555 (1957). Since the limits of section 6-10-7 protect a greater amount of a debtor’s earnings and are more restrictive than the limits authorized by 15 U.S. C.A. § 1673, the twenty-five percent limitation of section 6-10-7 must be observed in a recovery by garnishment of a child support judgment. Anderson v. Anderson, supra.
The trial court found that section 6-10-7 could be used to recover a child support judgment but that such recovery was limited to the twenty-five percent maximum fixed by that code section. The trial court also found that the provisions of 15 U.S. C.A. § 1673 did not have the effect in this case of increasing the twenty-five percent limitation contained in section 6-10-7. We agree with these findings and affirm the trial court’s judgment.
*814 The mother’s request for an attorney’s fee on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.