This is a garnishment action.
First Alabama Bank (Bank) obtained a judgment against Ernest Pattillo in the amount of $31,639.01, plus court costs and interest. The Bank filed a writ of garnishment directed to the State of Alabama in an attempt to collect its judgment.
The garnishee's answer was filed by the State Comptroller, Agent for the State of Alabama (Comptroller), as Pattillo is employed by the State. The Comptroller stated in the garnishee's answer that Pattillo's disposable income was not sufficient to be subject to garnishment. The Bank contested the answer of the garnishee.
After considering arguments on the disputed issue as to the appropriate method for computing disposable income for garnishment purposes, the trial court issued an order requiring the Comptroller to withhold $64.97 per week from the wages of Pattillo.
The Comptroller appeals. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6). For the reasons set out below, we reverse and remand.
We note that, in the instant case, the facts are undisputed. However, the Comptroller and the Bank disagree as to how the relevant law should be applied to these undisputed facts. Consequently, the judgment of the trial court is not accorded the usual presumption of correctness on appeal, and this court will determine whether the trial court misapplied the law to the undisputed facts. Craig Construction Co. v. Hendrix,568 So.2d 752 (Ala. 1990).
The dispositive issue is what method should be used in this case to determine whether Pattillo has a sufficient amount of disposable income to be subject to garnishment. *Page 1350 
To calculate Pattillo's disposable income, the Comptroller deducts taxes, FICA, and state retirement from Pattillo's gross income. Under the method used by the Bank, deductions for taxes, FICA, state retirement, and the amount subject to an income withholding order for child support are taken from Pattillo's gross income to determine the amount of disposable income for garnishment purposes.
The relevant law governing this situation is the Consumer Credit Protection Act (Act) and its restrictions on garnishments as set out in 15 U.S.C. § 1671 to 1677 (1988).
The terms "disposable earnings" and "garnishment" are defined in 15 U.S.C. § 1672 as follows:
 "(b) The term 'disposable earnings' means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld.
 "(c) The term 'garnishment' means any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt."
(Emphasis supplied.)
The Comptroller contends that a child support income withholding order is a "garnishment" within the meaning of the Act and that as a garnishment, it should be deducted from disposable income.
The Bank argues that the phrase "required by law to be withheld" contained in § 1672(b) should be interpreted to include not only taxes and retirement but also a child support income withholding order and that, as such, it should be deducted from the gross income to calculate the amount of disposable income subject to a garnishment.
The term "debt" is contained in § 1672(c). "Debt" is defined in Black's Law Dictionary (6th ed. 1990 as follows: "A fixed and certain obligation to pay money or some other valuable thing or things, either in the present or in the future." (Emphasis added.)
Under this definition, this court finds that a judgment of child support is a "debt" as contained in § 1672(c). Consequently, the child support income withholding order is, when implemented, a "garnishment" within the meaning of the Act and should be deducted from disposable income, rather than from gross income. See Marshall v. District Court for theForty-First-b Judicial District of Michigan, Mount ClemensDivision, 444 F. Supp. 1110 (E.D.Mich. 1978).
Further, we note that the phrase "amounts required by law to be withheld" contained in § 1672(b) has been interpreted narrowly on previous occasions and that court-ordered child support and alimony were not considered to be "amounts required by law to be withheld." First Nat'l Bank v. Hasty, 415 F. Supp. 170
(E.D.Mich. 1976).
In light of the above, the judgment of the trial court is due to be reversed and the cause remanded for proceedings not inconsistent with the above.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.