YATES, Judge.
The parties were divorced in June 1993. The judgment required Mr. Knight to pay child support, through income withholding, and alimony. In January 1994, Ms. Knight filed a process of garnishment to have Mr. Knight’s employer deduct from his wages $2,500 that she claimed he owed her for unpaid alimony. The trial court denied Mr. Knight’s motion to quash the garnishment; he now appeals, claiming that the garnishment was improper because it exceeded 25% of his net disposable earnings, in violation of § 6-10-7, Aa.Code 1975. We reverse and remand.
Mr. Knight pays, through an income withholding order, $625 per month child support, which constitutes 44% of his disposable income. The trial court ordered that additional funds, bringing the total to 65% of his disposable income, be garnished to satisfy the unpaid alimony.
This court recently held that a child support income withholding order is, when implemented, a garnishment within the meaning of the Consumer Protection Act, § 1672(e). State Comptroller v. First Alabama Bank, 642 So.2d 1349 (Aa.Civ.App. 1993). Section 6-10-7 provides:
“(a) The wages, salaries, or other compensation of laborers or employees, residents of this state, for personal services, shall be exempt from levy under writs of garnishment or other process for the collection of debts contracted or judgments entered in tort in an amount equal to 75 percent of such wages, salaries, or other compensation due or to become due to such laborers or employees, and the levy as to such percentage of their wages, salaries, or other compensation shall be void.”
15 U.S.C. § 1673 states:
“[T]he maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed (1) 25 percentum of his disposable earnings ... or (2) the amount by which his disposable earnings ... exceed thirty times the Federal minimum hourly wage ... whichever is less.
[[Image here]]
“... This subehapter does not annul, alter or affect, or exempt any person from *479 complying with, the laws of any State (1) prohibiting garnishments or providing for more limited garnishments than are allowed under this subehapter.”
Section 1673 allows garnishment of up to 65% of one’s disposable income, if the garnishment is to enforce a support order. Long Island Trust Co. v. United States Postal Service, 647 F.2d 336 (2d Cir.1981). This court held, however, in Crockett v. Dobbs, 545 So.2d 811 (Ala.Civ.App.1989), that while this section could be used to recover a support judgment, the recovery was limited to the 25% maximum fixed in the Code section, and the provisions of 15 U.S.C. § 1673 did not have the effect of increasing the 25% limitation. Because the limits of § 6-10-7 protect a greater amount of a debtor’s earnings and are more restrictive than the limits authorized by 15 U.S.C. § 1673, Alabama law is not preempted by the federal law. Therefore, the 25% limitation of this section must be observed. Crockett, swpra.
This court is not to be understood as precluding the use of other remedies provided by law to collect the monies owing and due. The judgment of the trial court is reversed, and the cause is remanded for the entry of an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.