PITTMAN, Judge.
This appeal concerns the maximum percentage of an obligor’s income that can be withheld where multiple income-withholding orders for child-support arrearages have been entered.
Athey L. MeNabb suffered a work-related injury while employed by Colonial Properties, Inc. (“Colonial”). He filed a worker’s compensation action against Colonial; the parties ultimately agreed to a settlement under which MeNabb would be paid $70,000. Fireman’s Fund Insurance Company (“Fireman’s Fund”), Colonial’s worker’s compensation insurance carrier, was thereafter served with four income- *1039 withholding orders issued by the Montgomery Circuit Court with respect to four separate child-support proceedings involving McNabb.
Fireman’s Fund filed, in the domestic-relations division of the circuit court, a motion for an expedited hearing on the allocation and distribution of the settlement proceeds. Fireman’s Fund noted that pursuant to instructions from the Montgomery County Department of Human Resources and the Montgomery County District Attorney’s Office it had withheld $35,000, or 50%, of the settlement proceeds from MeNabb’s worker’s compensation action. Fireman’s Fund also stated that it believed that the amounts directed to be paid pursuant to the income-withholding orders were in dispute. Fireman’s Fund requested that the court hold a hearing on the allocation and disbursement of the settlement proceeds.
McNabb responded to the motion filed by Fireman’s Fund by contesting the amount of McNabb’s worker’s compensation settlement that could be subject to the income-withholding orders; McNabb also demanded an accounting and a modification of his current child-support obligations. The matter was scheduled for a hearing before a referee; the referee ultimately ordered that Fireman’s Fund pay into the court over $46,000 to satisfy the alleged amounts included in the income-withholding orders that constituted child-support arrearages and interest. After that order was confirmed, McNabb sought review of the referee’s order in the circuit court.
On review of the referee’s order, the circuit court held, among other things, that McNabb’s worker’s compensation settlement was not exempt from multiple income-withholding orders and that the allowable percentage of the settlement that could be applied toward satisfaction of those withholding orders was 50%, citing § 30-3-60 et seq., AJa.Code 1975. Following the denial of his postjudgment motions, McNabb appealed to this court.
McNabb argues that the income-withholding orders, when executed, amounted to garnishments against McNabb’s income arising from the settlement of his worker’s compensation action and that under § 6-10-7, Ala.Code 1975, no more than 25% of the settlement amount may be subject to garnishment. Conversely, the State (which has been assigned child-support rights by the mothers of McNabb’s children) argues that the income-withholding orders issued against McNabb are governed by § 30-3-60 et seq., Ala.Code 1975, and by associated federal law under which, the State claims, up to 50% of McNabb’s settlement proceeds would be subject to execution so as to satisfy his child-support arrearages.
We note that, in the instant case, the facts are undisputed. However, McNabb and the State disagree as to how the pertinent law should be applied to those undisputed facts. Consequently, a question of law is at issue, and this court will determine whether the trial court misapplied the law to the undisputed facts. Craig Constr. Co. v. Hendrix, 568 So.2d 752 (Ala.1990).
Child-support income-withholding orders are governed by § 30-3-60 et seq., Ala.Code 1975. Specifically, § 30-3-67 provides as follows:
“Any order to withhold income issued and served upon any employer of the obligor pursuant to this article shall have priority over any writ of garnishment or any other state legal process against the same income of the obligor whether said writ of garnishment or other process was served prior or subsequent to the order of income withhold *1040 ing. Any order for income withholding issued pursuant to this article may exceed the statutory maximum amounts prescribed in Section 6-10-7 for garnishment proceedings in Alabama, but such order, including amounts taxed against the obligor as court costs, may not exceed the maximum statutory amounts prescribed under federal law for garnishments issued to enforce support obligations. Provided, if an obli-gor’s income is subject to more than one withholding order or a current writ of garnishment for child support and a withholding order, the total amounts withheld may not exceed the statutory máximums herein prescribed and the current month’s support payments shall be satisfied before any arrearages are satisfied.”
(Emphasis added.) Section 6-10-7, Ala. Code 1975, referenced in § 30-3-67, exempts 75% of a debtor’s “wages, salaries, or other compensation” from levy under a writ of garnishment. However, federal law, in the form of the Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq., provides as follows:
“(a) Maximum allowable garnishment
“Except as provided in subsection (b) of this section and in section 1675 of this title, the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed
“(1) 25 per centum of his disposable earnings for that week, or
“(2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 206(a)(1) of Title 29 [, U.S.C.,] in effect at the time the earnings are payable,
“whichever is less. In the case of earnings for any pay period other than a week, the Secretary of Labor shall by regulation prescribe a multiple of the Federal minimum hourly wage equivalent in effect to that set forth in paragraph (2).
“(b) Exceptions
“(1) The restrictions of subsection (a) of this section do not apply in the case of

“(A) any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by State law, which affords substantial due process, and ivhich is subject to judicial review.

“(B) any order of any court of the United States having jurisdiction over cases under chapter 13 of Title 11.
“(C) any debt due for any State or Federal tax.
“(2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed—
“(A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual’s disposable earnings for that week; and.
“(B) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual’s disposable earnings for that week;
“except that, with respect to the disposable earnings of any individual for any workweek, the 50 per centum specified in clause (A) shall be deemed to be 55 per centum and the 60 per centum sped- *1041 fied in clause (B) shall be deemed to be 65 per centum, if and to the extent that such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such workweek.”
15 U.S.C. § 1673 (emphasis added).
Relying upon § 1673, the State contends that in light of the fact that § 30-3-67, Ala.Code 1975, allows an income-withholding order to exceed the 25% limit set out in § 6-10-7, Ala.Code 1975, and in light of the mandate in § 30-3-67 that the percentage of income subject to execution not exceed the applicable federal law (here, 15 U.S.C. § 1637(b)(2)(A), which provides for withholding of up to 50% of an obligor’s income), McNabb’s worker’s compensation settlement should be subject to 50% withholding.
McNabb argues that the case of Crockett v. Dobbs, 545 So.2d 811 (Ala.Civ.App. 1989), holds that the federal law does not preempt Alabama law as set out in § 6-10-7, Ala.Code 1975, and that only 25% of his worker’s compensation settlement should be subject to execution. McNabb is correct in that this court in Crockett noted:
“[15 U.S.C. § 1677] provides:
“ ‘ § 1677. Effect on State laws
“ ‘This subchapter does not annul, alter, or affect, or exempt any person from complying with, the laws of any State
“ ‘(1) prohibiting garnishments or providing for more limited garnishments than are allowed under this subchapter....’
“In Anderson v. Anderson, 285 Md. 515, 404 A.2d 275 (1979), the Court of Appeals of Maryland said that:
“ ‘This section [section 1677 of the Consumer Protection Act] has been uniformly interpreted by the courts as setting forth the rule that where a state and the federal government have both enacted provisions which limit garnishment of wages, the statute which protects a greater amount of a debtor’s earnings from garnishment will be controlling. Federal law will only preempt state law where the latter allows a greater amount of a debt- or’s earnings to be reached than does federal law, thus frustrating the purposes of the Consumer Credit Protection Act.’ Anderson, supra (citations omitted).”
545 So.2d at 813. We then held that because the 25% limit of § 6-10-7, Ala.Code 1975, protected a greater amount of a debtor’s earnings, and because that protection was more restrictive than the limits authorized by 15 U.S.C. § 1673(b)(2), the lower limitation of § 6-10-7, Ala.Code 1975, must be observed when garnishment is employed to recover moneys owed under a child-support judgment. 545 So.2d at 813.
The State contends that Crockett is distinguishable in that in the instant case the trial court issued income-withholding orders pursuant to § 30-3-67, Ala. Code 1975, and did not enter garnishment judgments pursuant to § 6-10-7, Ala.Code 1975. On this point the State is correct.
We revisited the issue addressed in Crockett in both State Comptroller v. First Alabama Bank, 642 So.2d 1349 (Ala.Civ.App.1993), and Knight v. Knight, 658 So.2d 478 (Ala.Civ.App.1994). The sole issue presented in State Comptroller was whether a child-support withholding order was a “debt” within the meaning of the Consumer Credit Protection Act, i.e., whether amounts subject to a child-support withholding order would be deducted from gross income or from net disposable income for purposes of satisfying a sepa *1042 rate, non-child-support-related garnishment judgment. In deciding the case, we held that a child-support withholding order was, when implemented, a “garnishment” within the meaning of the Consumer Credit Protection Act.
In Knight, a child-support withholding order was in effect that called for the withholding of 44% of an obligor’s disposable income. The trial court denied that obligor’s motion to quash a garnishment for unpaid alimony that, when added to the existing amount being withheld, made the total amount of his disposable income subject to execution or withholding 65%. We first reiterated our previous holding in State Comptroller that “a child support income withholding order is, when implemented, a garnishment within the meaning of the Consumer [Credit] Protection Act.” Knight, 658 So.2d at 478 (citing State Comptroller, 642 So.2d 1349). We then noted our holding in Crockett that because § 6-10-7, Ala.Code 1975, protected a greater amount of a debtor’s earnings than the limits authorized by 15 U.S.C. § 1673(b)(2), the 25% limitation of § 6-10-7, Ala.Code 1975, must be observed in considering what percentage of an obli-gor’s income may be subjected to garnishment with respect to a child-support judgment. Crockett, supra.
Here, McNabb contends that the effect of our holdings in Crockett, State Comptroller, and Knight is to bring a child-support withholding order, pursuant to § 30-3-67, Ala.Code 1975, under the same analytical construct as has been applied to § 6-10-7, Ala.Code 1975, as it relates to the Consumer Credit Protection Act, 15 U.S.C. § 1673. That contention is without merit in that it relies on an overly broad interpretation of State Comptroller and an apparent misreading of Knight. In State Comptroller, we simply found a ehild-sup-port withholding order to be a “garnishment” under the definition of that word found in the federal Consumer Credit Protection Act, and, applying that conclusion to the facts of the case, we held that in order to determine whether a judgment debtor had sufficient disposable income to be made subject to an additional garnishment judgment, the amount of money to be withheld pursuant to the child-support withholding order must be deducted from the obligor’s disposable income rather than from the obligor’s gross income. We did not address whether a child-support withholding order could be restricted to the 25% limitation set out in § 6-10-7, Ala. Code 1975.
Additionally, in Knight, a close reading shows that a child-support withholding order was already in place at the time that the garnishment proceeding in question in that case was filed. The issue in Knight was whether it was proper for the trial court to refuse to quash the garnishment. We reversed the trial court’s judgment and instructed that the garnishment be quashed because the garnishment was in excess of the statutory limit of 25% of Knight’s net disposable income. Any inference drawn from Knight that a child-support withholding order is somehow subject to the 25% restriction on garnishments originally discussed in Crockett is mistaken.
To be clear, the federal Consumer Credit Protection Act provides that an order for support shall not exceed 50% of an individual’s disposable earnings if that individual is currently supporting a spouse or dependent child and that the order of support shall not exceed 60% of an individual’s disposable earnings if that individual is not currently supporting a spouse or dependent child. 15 U.S.C. § 1673(b)(2).[1] Sec *1043 tion'30-3-67, Ala.Code 1975, provides that “[a]ny order for income withholding issued pursuant to this article may exceed the statutory, maximum amounts prescribed in Section 6-10-7 for garnishment proceedings in Alabama, but such order ... may not exceed the maximum statutory amounts prescribed under federal law for garnishments issued to enforce support obligations.” Therefore, 'the trial court cor■rectly concluded that 50% of McNabb’s worker’s compensation settlement proceeds were subject to the child-support withholding orders, and we affirm the trial court’s judgment.
AFFIRMED.
YATES, P.J., and CRAWLEY and THOMPSON, JJ., concur.
MURDOCK, J., concurs in the result, with writing.

. These amounts are increased to 55% and 65%, respectively, with respect to support more than 12 weeks in arrears. 15 U.S.C. § 1673(b)(2)(B).