MURDOCK, Judge,
concurring in the result.
I concur in the result reached by the main opinion, and I write separately to note two things. First, I note that in Knight v. Knight, 658 So.2d 478 (Ala.Civ.App.1994), this court addressed a garnishment with respect to alimony, not an income-withholding order under § 30-3-60 et, seq., Ala.Code 1975, with respect to a child-support judgment. It was for this reason that the outcome in that case.was governed by the 25% limitation imposed by § 6-10-7, Ala.Code 1975, rather than the more liberal limitations on child-support income-withholding orders set out in § 30-3-67, Ala.Code 1975, and 15 U.S.C. § 1673(b)(2). The reliance by this court in Knight on Crockett v. Dobbs, 545 So.2d 811 (Ala.Civ.App.1989), therefore, was appropriate since, as we noted in Crockett, the mother in that case “did not request a new withholding order or a modification of the existing withholding order [under § 30-3-67]; instead, she requested garnishment proceedings pursuant to § 6-10-7, [Ala.] Code 1975.” 545 So.2d at 813.
Secondly, I note that the State seeks support for more than, one child. The issue of whether the State should be limited under the facts and procedural posture of this case to recovering 50% of the father’s disposable earnings under 15 U.S.C. § 1673(b)(2)(A), as opposed to some higher limitation as prescribed in § 1673(b)(2)(B), is not before us, however. In this case, the State has sought only the recovery of the 50% allowed by § 1673(b)(2)(A).'